(36 Misc. Rep. 15.)

## WOODRUFF v. WOODRUFF.

(Supreme Court, Special Term, Chemung County. June 12, 1901.)

1. SLANDER—IMPUTING UNCHASTITY TO WOMAN.
　　Code Civ. Proc. § 1906, provides that, in an action brought by a woman for words imputing unchastity to her, no special damages need be alleged or proved. Held, that a complaint alleging no special damages, but alleging that defendant falsely stated of plaintiff that she communicated to her husband through her marital relations a loathsome disease, imputed unchastity, and was good against a demurrer alleging that the complaint stated no cause of action.

2. SAME—QUESTION FOR JURY.
　　In slander, whether the words spoken are actionable per se is a question for the court; but the meaning of the words, and whether they were intended to be slanderous, is for the jury.

Action by Anna Woodruff against Thomas Woodruff. Judgment overruling a demurrer to the complaint.

Sherman Moreland, for plaintiff.
Judson A. Gibson, for defendant.

FORBES, J. This is an action of slander, and is predicated upon certain words having been spoken by the defendant against the plaintiff, who is a married woman. The plaintiff, by her complaint, shows that she has always been an honorable, virtuous, and upright woman, and has never been guilty of any of the offenses charged in the complaint, and alleged to have been spoken by the defendant of and concerning the plaintiff. In several counts following it is alleged that defendant falsely stated that the plaintiff communicated to her husband a loathsome disease through their marital relations, and that said words were uttered and published by the defendant in the pres-· ence of several persons, whose names are given in the complaint. In separate subdivisions of the complaint the circumstances and language are varied somewhat, but in each subdivision it is claimed that the defendant falsely and maliciously, and with intent to injure the plaintiff, uttered and published said words. The defendant demurred to the complaint "upon the ground that the facts alleged and set forth therein do not constitute a cause of action." From a careful reading of the complaint, it is quite obvious to the court that the facts alleged are sufficient to constitute a cause of action. The difference between an action of libel and an action of slander, as stated in the text-books, is as follows: Libel is the printed or written declarations of one person against another, while slander is defined to be oral or spoken defamatory words used by one person against another. Odgers, Lib. & Sland. (Blackstone Pub. Co.'s Ed.) p. 1; Townsh. Sland. & Lib. (4th Ed.) pp. 4, 5, §§ 3, 4; Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810. Special damages are not alleged in the complaint. If the language used is slanderous per se, then it is unnecessary to allege special damages. Section 1906 of the Code of Civil Procedure provides that in an action of slander, brought by a woman for words imputing unchastity to her, it is not necessary to allege or prove special damages. It is not sufficient to sustain a demurrer to show that the facts are imperfectly or inartistically pleaded, or that the pleading lacks definiteness, or that the material facts are argumentatively stated. In determining the sufficiency of the pleading demurred to, it must be assumed that the facts stated therein, as well as such as may by reasonable and fair intendment be implied from the allegations made, are true. Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281. This doctrine has been fully sustained in many of the later cases. Applying this doctrine to the complaint, if the language were submitted to the jury, would the jury be authorized to infer from the language that the defendant had imputed to the plaintiff a want of chastity? The language used in the complaint might perhaps be explained on the trial, so that a different inference may be drawn; but is the plaintiff bound to assume that the words

were innocent words, imputing purity and virtue? The complaint alleges that they are false and malicious, and spoken with intent to injure the plaintiff. The whole complaint must be taken together. To sustain a demurrer, the complaint, as a whole, must show that the language was not slanderous per se. Upon a demurrer the admission of its truthfulness must be applied to the whole complaint; to the construction which the plaintiff tenders of the language, import, and injury alleged. Mott v. Ice Co., 73 N. Y. 543; Gildersleeve v. Landon, Id. 609. There is no ambiguity about the language used in the complaint. The words, taken all together with the other averments, leave little doubt in the common mind that the language used tends to charge impurity and disloyalty in plaintiff's marital relations. Gildersleeve v. Landon, 73 N. Y. 609. Words written or spoken of a man in relation to his business or occupation which will have a tendency to hurt or are calculated to prejudice him therein are actionable per se. Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810; Morey v. Association, 123 N. Y. 207, 25 N. E. 161, 9 L. R. A. 621, 20 Am. St. Rep. 730; Gates v. Recorder Co., 155 N. Y. 228, 49 N. E. 769; Krug v. Pitass, 162 N. Y. 154, 56 N. E. 526, 76 Am. St. Rep. 317. The facts having been pleaded, it is for the jury to say what the defendant intended by the language used. The facts alleged in the complaint must therefore be submitted to the jury. Lally v. Emery, 59 Hun, 237, 12 N. Y. Supp. 785. This must be so, even assuming that this is a case where the language used may be susceptible of an innocent meaning. Mattice v. Wilcox, 147 N. Y. 624, 42 N. E. 270; Warner v. Southall, 165 N. Y. 496, 59 N. E. 269. It is also a question of fact for the jury to say whether the words were spoken maliciously, with the intent alleged in plaintiff's complaint. Krug v. Pitass, 162 N. Y. 154, 56 N. E. 526, 76 Am. St. Rep. 317. It is an important question to be submitted to the jury as to what knowledge the defendant had of the situation and condition, and when and from whom that knowledge was obtained. Assuming that the disease charged in the complaint came to the plaintiff innocently, from the marital relations of her husband, through some condition not known to the defendant when he uttered these words, such subsequent knowledge cannot be used as a defense or in mitigation of damages, since he must be presumed to have spoken deliberately of the condition as he then understood it. Van Alstyne v. Printing Co., 25 App. Div. 282, 49 N. Y. Supp. 523. Nor does it matter whether the defendant acted in good faith in making the declarations charged, since it must be assumed, under the complaint, that they were spoken falsely and maliciously, with intent to injure the plaintiff. Lally v. Emery, 79 Hun, 560, 29 N. Y. Supp. 888.

It is difficult to see, under the authorities, how the demurrer interposed can be properly sustained. Since the husband of the plaintiff is a son of the defendant, it might not necessarily be assumed that his declarations of the plaintiff's condition, with that condition communicated to the husband, were intended to be entirely innocent and inoffensive. In other words, it cannot be inferred from the complaint that the defendant was promulgating and publishing to the persons named in the complaint a condition which he believed to have been

produced innocently on the part of the plaintiff, since the disease could only have been communicated to her in one of two ways, probably,—either by improper relations with some diseased person other than her husband, or by some diseased or obnoxious condition developed from the plaintiff herself, and communicated to the husband by her, from a disease somewhat closely resembling the loathsome disease charged in the complaint, but which she could not herself have had at that time. Whether the words spoken were slanderour per se is a question of law for the court; but the meaning of the words, and whether they were intended to be slanderous or to impute unchastity in the plaintiff, is a question of fact for the jury, when the specific language and all the facts and the circumstances under which they were spoken have been produced from witnesses on the trial of the action.

The defendant's demurrer is overruled, with costs, with leave to answer the complaint within 20 days after the entry and service of the order and judgment.