GEORGE A. SLEIGHT, Plaintiff, *v.* BENJAMIN WOODS, Defendant.

Supreme Court, Wayne County, December 13, 1932.

*James D. Harris,* for the plaintiff.

*Wilson & Hennessy,* for the defendant.

CUNNINGHAM, J.   It is alleged in the complaint that the defendant at a large public gathering stated that he had purchased some stock from the Arcadia Trust Company and had given a note in payment therefor; that the stock was sold to him by George Sleight (the plaintiff herein); that the note " cannot be collected because the sale was illegal   *   *   *;   that he knew when he sold me that note or stock, he knew that that Bank was in a defunct condition."   There is not any allegation of special damage.

The defendant claims that the words set forth in the complaint are not slanderous *per se,* and that an action therefor will not lie without proof of special damage.

A different rule is applied to actions for libel and actions for slander with respect to the right to maintain the same without proof of special damage.

When a defamatory statement is written or printed, it may be actionable without proof of special damage.   It is sufficient if the statement hold up the person referred to therein to public hatred, contempt, scorn, obloquy or shame.   (*Cortright* v. *Anderson,* 208 App. Div. 1; *Sydney* v. *MacFadden Newspaper Corp.,* 242 N. Y. 208.)

However, when the defamation is communicated by spoken words,

it is not actionable without proof of special damage, except in the following instances:

1. Where the words impute a crime for which the plaintiff may be punished. (*Wright* v. *Paige*, 3 Keyes, 581.)

2. Where the words impute to the plaintiff a loathsome disease. (*Williams* v. *Holdredge*, 22 Barb. 396; *Upton* v. *Upton*, 51 Hun, 184.)

3. Where the defamatory words are spoken of the plaintiff in relation to his office, profession or trade, with intent to injure or prejudice him therein. (*Panster* v. *Wasserman*, 190 App. Div. 822.)

4. Where the words impute adultery or unchastity to a woman. (Rules Civ. Prac. rule 97, derived from Code Civ. Proc. § 1906; Laws of 1871, chap. 219.)

It seems to me that the statement alleged to have been made by defendant charges that the sale of stock was illegal because the plaintiff knew when he sold it that the bank was defunct. This is under the rule that the language must be construed as a whole.

In Townshend on Slander and Libel, section 137, it is said: " The construction to be put upon any language spoken or written must be that which is consistent with the whole of the speech or writing. Thus * * * the language of any part of an oral discourse is to be construed with reference to the entire discourse."

The statement alleged to have been made by the defendant does not charge the plaintiff with having obtained money by false representations. . (Penal Law, § 1290; *People* v. *Noblett*, 244 N. Y. 355.)

A sale of stock illegal because of fraud does not in all instances make the vendor guilty of a crime. (*People* v. *Federated Radio Corp.*, 244 N. Y. 33, 38.)

The case last cited is also authority for the proposition that the words alleged to have been uttered by defendant do not charge the plaintiff with a crime under the Martin Act.▪

Nor is the complaint sufficient to charge that the words were uttered with respect to the plaintiff's business, it not being alleged that at the time they were uttered he was in any business or profession. (*Cassavoy* v. *Pattison*, 93 App. Div. 370; *Frederics* v. *Nessler*, 187 id. 590.)

It follows that the defamatory words alleged to have been spoken by defendant are not actionable *per se* and that this action may not be maintained without allegation and proof of special damage.

The complaint, therefore, fails to state a cause of action and is dismissed, with costs.