ROSE BERNSTEIN, Respondent, v. MICHAEL BERNSTEIN, Appellant.— In an action for separation defendant appeals from an order (a) denying his motion for an order rejecting parts of an official referee's report, reducing alimony, and dispensing with security, and (b) granting plaintiff's motion for modification of the report confirming the report as modified, and allowing her a counsel fee of $200. Order affirmed, with ten dollars costs and disbursements. Within five days from the entry of the order hereon the defendant is directed to pay plaintiff's attorney the sum of $200, the additional counsel fee awarded by the order appealed from. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

HARRY BIRKMIER, Appellant, v. UNEEDA JAMAICA, INC., Respondent, and Others, Defendants.— Action based on alleged libel and duress. Order, made on reargument, granting respondent's motion to dismiss the complaint, and granting leave to plaintiff to plead over, affirmed, with ten dollars costs and disbursements. Plaintiff may plead over within ten days from the entry of the order hereon. The published matter contains no words which are libelous *per se*, and the complaint against the respondent is insufficient in that it contains no allegation of extrinsic facts and specifications of pecuniary damage. In so far as the action is to recover a payment alleged to have been made under coercion, there are no facts pleaded to substantiate the conclusory allegation. Hagarty, Adel and Taylor, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote to reverse the order and deny the motion, with the following memorandum: Plaintiff was the manager of one of the theatres of his employer, a corporation. The employer had promulgated a rule that no employee should execute an assignment of his salary or earnings and that a violation of the rule would result in discharge. Respondent wrote a letter to the employer in which it was falsely stated that plaintiff had assigned to the defendant corporation ten per cent of his earnings, and with the letter there was sent a writing falsely purporting to be a copy of the alleged assignment of such earnings. There is no allegation of special damage. It is not alleged that plaintiff was discharged. The complaint states facts sufficient to constitute a cause of action since the publications tended to hurt and prejudice plaintiff in his calling as a manager of a theatre. (*Foulger* v. *Newcomb*, L. R. 2 Ex. 327; *Moore* v. *Francis*, 121 N. Y. 199; Seelman, Law of Libel and Slander, p. 11.)