IRMA LUFT, Plaintiff, *v.* ROSALIE HOFFMAN, Defendant.

Supreme Court, Special Term, New York County, December 11, 1951.

*Arthur S. Gale* for defendant.

*William Richter* for plaintiff.

Cohalan, J. The amended complaint sets forth six alleged causes of action, each of slander per se. The defendant moves to strike the second, fourth and fifth causes of action. No similar motion is made as to the other three and they are not here considered.

From the complaint it appears that the plaintiff is married and has a son-in-law. The latter has a male namesake whose closer relationship is not stated. Each man is alleged to have dined the defendant either at a club in this city or at a tavern, and it is charged that the defendant uttered in the presence and hearing of one or other of these men the alleged slanderous language. In no instance is an innuendo set forth and in no instance are any special damages claimed.

The charge of the second cause of action is two-fold: (1) that the plaintiff " is an unfit mother ", and (2) that she " lives only for the pleasures of the flesh." Another Justice of this court (Benvenga, J.), in deciding a similar motion addressed to the complaint, has ruled that the charge, being " an unfit mother," is not slanderous per se, and that remains the law of the case. To hold that " she lives only for the pleasures of the flesh " is necessarily an attack on plaintiff's chastity, and for that reason is slanderous per se, is to ignore the fact that the flesh has many weaknesses and pleasures, perhaps too frequently indulged in, such as gluttony, intemperance, vanity, etc., all of which are human failings not condemned by the Sixth Commandment. Motion as to this cause granted.

The fourth alleged utterance is that plaintiff " is the lowest type of woman." We are not informed as to the standard by which plaintiff or defendant measures perfection in a woman. Consequently, a reading of this cause does not tell whether the defendant, in using the language, meant that plaintiff was low in social position, low in financial standing, low in mental capacity or low under any other standard that could normally be applied to a woman. We all know that all women have a share of the same virtues and a share of the same human frailties. Kipling well expressed it when he said the colonel's lady and Judy O'Grady are sisters under the skin. Motion as to this cause denied.

In the fifth cause the language is, the plaintiff " was responsible for her son's crimes ". If the son committed crimes, he,

and not plaintiff, would be held for them. This language does not call plaintiff a criminal. Motion is therefore granted as to this cause.

The allegations in the other three causes of action not here passed upon are seemingly of sufficient gravity to give plaintiff a full day in court as to her character and repute.