HELEN BISHOP, Plaintiff, *v.* JOHN R. BISHOP et al., Defendants.

Supreme Court, Special Term, Richmond County, February 2, 1953.

*Emil J. Reigi* for defendants.

*Solomon R. Agar* for plaintiff.

NORTON, J. The defendant moves to dismiss the complaint herein under rule 106 of the Rules of Civil Practice on the ground that the complaint on its face fails to state facts sufficient to constitute a cause of action. The complaint alleges that an action for separation has been commenced by the plaintiff wife against the defendant husband, and that such action is pending and undetermined; that on August 4, 1952, an order in the separation action was made and entered granting the plaintiff the sum of $35 a week as temporary alimony; that the defendant at the time the said separation action accrued and continuously up to and including the 1st day of December, 1952, was the owner in fee simple and possessed of certain real estate; and that after the order granting temporary alimony was made the defendant executed and delivered to one Muriel Petrone deeds of conveyance of the properties mentioned in the complaint. The complaint further alleges that the properties mentioned therein are not exempt from liability for debts and are subject to the lien of an execution, and that the said deeds were made without consideration and with intent to hinder, delay and defraud the plaintiff; and plaintiff asks judgment that the said deeds be set aside and declared void as against the plaintiff and that the plaintiff's order granting temporary alimony be declared a lien upon said properties.

The court presumes that this action is brought under article 10 of the Debtor and Creditor Law on the theory that the plaintiff wife is a creditor of the defendant and that the order directing the payment of alimony *pendente lite* constitutes a debt. An interlocutory order has for its purpose the maintenance of the family until final decree. It is not a property right but is to be determined by consideration of the needs of the wife. It is not a debt in any exact sense; it is the means provided by the State for the preservation of the family. Alimony is an allowance for support and maintenance, having no

other purpose and provided for no other object. When awarded it is not so much in the nature of a payment of a debt as in that of a performance of a duty. It is not strictly a debt due to the wife, but rather a general duty of support made specific and measured by the court. (*Romaine* v. *Chauncey,* 129 N. Y. 566, 569–570. See, also, *Bogert* v. *Watts,* 32 N. Y. S. 2d 750, 754.)

" Although permanent alimony unpaid under a final decree in a matrimonial action is in the nature of a judgment debt which may, upon direction of the court, be docketed as a judgment * * * different principles apply to unpaid installments of temporary alimony. * * * The reason for the distinction is said to be that the authority to award temporary alimony * * * and the means for its enforcement * * * rest exclusively upon statutory provisions which are not to be extended by implication. * * * Since the statute which creates the right also provides for relief by contempt and sequestration, these will be deemed to be the remedies, and the only remedies, by which it is enforcible.'' (*Doncourt* v. *Doncourt,* 245 App. Div. 91. See, also, *Weber* v. *Weber,* 93 App. Div. 149.) An additional remedy was added by the enactment in 1939 of section 1171-b of the Civil Practice Act.

There is no allegation in the complaint that the defendant is in default in the compliance of the directions contained in the order awarding temporary alimony; and the court must assume that the defendant has complied with the directions therein. The plaintiff relies on the case of *Enthoven* v. *Enthoven* (167 Misc. 686). The decision in that case was based upon *two judgments* recovered by the plaintiff predicated on the breach of an agreement for support and also certain *defaults* under an agreement of separation. No order awarding alimony in any matrimonial action was involved therein, and this case cannot be considered as any authority for the relief demanded in plaintiff's complaint.

The order awarding alimony *pendente lite* in the separation action between the parties herein forms no basis for an action for the relief demanded in the complaint, especially where there is no default in the compliance with such order.

Other remedies are provided for in the Civil Practice Act for the protection of a plaintiff wife in the collection of such an award and the enforcement of such order. These remedies are exclusive. The court is therefore of the opinion that the objections to the complaint by the defendant are well taken, and the motion is granted dismissing the complaint and vacating and discharging the *lis pendens* filed herein.