LORNA SCHWARTZ, Plaintiff, *v.* BERNARD SCHWARTZ, Defendant.

Supreme Court, Special Term, Queens County, July 27, 1954.

*George Edelman* for defendant.

*Louis Sills* for plaintiff.

PETTE, J. Motion by the defendant for various relief with respect to the three causes of action set forth in plaintiff's amended complaint disposed of as follows:

That branch of the motion which seeks a separate statement of claimed multiple causes of action set forth in the first and second causes of action is denied. The allegations concerning the "understanding and agreement" claimed to have been entered into on or about July 27, 1953, are relevant only as the basis for the conversion charged in the first cause of action and the reimbursement of the rent of the apartment which is the gravamen of the second. Upon these allegations rests plaintiff's sole right to the possession of the allegedly converted personal property and the apartment for which plaintiff paid the rent and of which defendant possessed himself contrary to the alleged understanding and agreement.

That branch of the motion which seeks to strike out, pursuant to rule 103 of the Rules of Civil Practice, allegations of the first and second causes of action is granted with respect to paragraphs 3 and 5 and in all other respects denied. The allegations stricken are unnecessary to such causes of action.

That branch of the motion which seeks, pursuant to subdivision 1 of rule 102 of the Rules of Civil Practice, an order compelling the plaintiff to make the second cause of action more definite and certain is denied. It is evident from the allegations which comprise this cause of action that what plaintiff here seeks is reimbursement for the rent she paid for the apartment of which defendant took possession contrary to the understanding and agreement referred to above. Any details which may be necessary can be obtained by a bill of particulars.

That branch of the motion which seeks the dismissal of the third cause of action on the grounds that the court does not have jurisdiction of the subject matter thereof and that it does not state facts sufficient to constitute a cause of action is denied inasmuch as it is clear from the second paragraph of that cause of action (paragraph 13) that what plaintiff seeks to recover thereunder is the agreed support which became due and payable to the plaintiff from the defendant pursuant to the understanding and agreement of July 27, 1953. Contractual obligations of a binding character may be enforced by plenary action, even if incorporated in an order or judgment, provided that the agreement survives the same. (*Hettich* v. *Hettich,* 304 N. Y. 8, 14; *Schmelzel* v. *Schmelzel,* 287 N. Y. 21; *Goldman* v. *Goldman,* 282 N. Y. 296.) The pleading before the court does not disclose whether the agreement has been incorporated in any order or decree, and if so, whether it survived such incorporation. If it did not survive, then, of course, any unpaid alimony accruing under a judgment or order of this court may not properly be the subject of an independent plenary suit. (*Dempsey* v. *Dempsey,* 205 Misc. 495; *Maynard* v. *Maynard,* 112 N. Y. S. 2d 813.)

There will be no necessity to serve a further amended complaint and the present pleading will be marked with reference to the order hereon which is to be settled on notice.