MRS. GEORGE B. HYATT, Plaintiff, *v.* BRUCE H. SALISBURY, Defendant.

Supreme Court, Special Term, Rockland County, March 21, 1955.

*Irving A. Garson* and *Sydney Kant* for defendant.

*Joseph G. Miller* for plaintiff.

EAGER, J. This is a motion pursuant to rule 106 of Rules of Civil Practice to dismiss the complaint herein for insufficiency. The action is one to recover for alleged slander spoken by defendant concerning the plaintiff. It is alleged that the defendant is a duly licensed physician; that the plaintiff was a patient of defendant and that the defendant maliciously stated to others that the plaintiff " made advances to me and threatened to leave me if I would not consent to become her lover — the woman (the plaintiff) has attempted the same thing with other doctors, specifically with Dr. C ——— "; that plaintiff's " trouble is mental due to an oversexed condition." It is further

alleged that the plaintiff is a duly registered nurse, that the words were false and have caused and will continue to cause great injury and damage to her in her profession, and that in addition said words mean and were intended to mean that the plaintiff is promiscuous and unchaste, that she has committed a crime and that she has a mental condition.

There is no sufficient pleading of special damages, so the question before the court is, were the words slanderous per se. In passing upon the question, it is well to bear in mind that a different rule is to be applied here than would be applicable in an action for libel. (See *Ostrowe* v. *Lee,* 256 N. Y. 36, and *Sleight* v. *Woods,* 145 Misc 824. " Many things that are defamatory may be said with impunity through the medium of speech. Not so, however, when speech is caught upon the wing and transmuted into print." (Per CARDOZO, J., in *Ostrowe* v. *Lee, supra.,* p. 39.)

Notwithstanding the words are such as to induce an evil opinion of plaintiff in the minds of right-thinking persons, and tend to hold her up to ridicule, public contempt, aversion or disgrace, the court has reached the conclusion that they are not actionable as slander per se. It is true, of course, that one who engages in character defamation is liable for special damages sustained by a party defamed, but it is well established in this State that a pleading and proof of special damages is required to sustain an action for slanderous remarks unless the remarks amount to (1) a charge that plaintiff has committed a punishable crime; (2) a charge that plaintiff has a loathsome disease; (3) a charge that deals with the office, business, trade or profession of the plaintiff and tends to injure him therein; or, (4) (as established formerly by statute and now by Rules Civ. Prac., rule 97) — a charge imputing unchastity to plaintiff. Unless within one of these categories, oral charges attacking the character or condition of health of a person or accusing a person of disreputable conduct are not actionable without a pleading and proof of special damages. (See *Moore* v. *Francis,* 121 N. Y. 199, 203; *Sleight* v. *Woods, supra ; Tex Smith, Inc.,* v. *Godfrey,* 198 Misc. 1006; Restatement, Torts, § 570, and Seelman on Law of Libel and Slander, pp. 599-601.)

Now, a careful study and analysis of the words will not bring them within any one of the four categories mentioned. There is nothing in the words to impute the commission of a crime by plaintiff. One may not say that they charge plaintiff with committing adultery. The only fair inference from the words is that they charge the plaintiff with improper advances and

attempts, and in this connection, it is well to note that spoken words which merely impute a criminal intention or design are not actionable per se. (*Sleight* v. *Woods, supra.*)

The statement that plaintiff's "trouble is mental due to an oversexed condition" does not charge her with having a disease of any kind. In fact, plaintiff concedes that the words are not such as to impute that she had a loathsome or offensive disease.

It does not appear that the words were spoken with relation to the plaintiff's profession as a nurse. In fact, it does not even appear in the complaint that, at the time of the alleged slander, the plaintiff was or now is practicing nursing. For all that appears, she has not engaged in her profession for some time. The rule is settled that words will not be held slanderous per se as tending to injure one in his profession, trade or business unless it appears (1) that the words were spoken in reference to his character or conduct in and concerning such profession, trade or business and further, (2) that he was carrying on his profession, trade or business at the time when the words complained of were uttered. (*Shakun* v. *Sadinoff*, 272 App. Div. 721. See, also, *Moore* v. *Francis, supra.*)

Further, in the opinion of the court, the words do not impute unchastity. Bearing in mind, as alleged in the complaint, that plaintiff and defendant had sustained a patient and physican relationship, the statement that she "threatened to leave" the defendant if he "would not consent to become her lover" does not create an inference that she actually had had improper relations with him. The mere charge that plaintiff made advances to a man or was oversexed does not imply that she is unchaste. The charge is not slanderous per se. (See, for instance, *Luft* v. *Hoffman*, 201 Misc. 384; *Notarmuzzi* v. *Shevack*, 108 N. Y. S. 2d 172, and *MacIntyre* v. *Fruchter*, 148 N. Y. S. 786.)

The complaint is dismissed. Submit order on notice.