Eugene F. Sullivan, J.
This is a motion by the defendants for an order, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment on the pleadings and affidavits, and pursuant to rule 106, to dismiss the complaint on the ground that the complaint is legally insufficient.
The defendants are sued individually, and as officers of the United Shoeworkers of America — CIO, for an alleged libel which was published, in an article in pamphlet form. .
It was agreed on the argument of the motion that the defendants, in their individual capacities, do not seek any relief herein.
Under the authority of Martin v. Curran (303 N. Y. 276) the motion should be granted, on the ground that the complaint is legally insufficient under rule 106, as to these defendants in their representative capacities.
In the cited case, the complaint alleged that the newspaper, in which the alleged libel was published, was the official organ, of the union of which the defendants were officers, that it had a circulation of about 125,000 copies, that it was published to accomplish the union’s purposes by the defendants who had been constituted by the union as an editorial board and that the defamatory articles concerning the plaintiff were written by and under direction's of that board. With respect to these allegations, Judge Desmond wrote (supra, p. 280): “ Those aver *47 ments, however, fall far short of asserting that the union members themselves authorized or ratified the particular libels. ’ ’
In the instant case, the allegations in the complaint are that the defendants are officeholders of the United Shoeworkers of America — CIO, an unincorporated association of individuals, that it is the certified bargaining agent of the employees of one of the plaintiffs, Nettleton Company, that the defendants published of and concerning the plaintiffs, a printed pamphlet which contained the alleged libel, that the pamphlet was published at a meeting of the ‘ ‘ United Labor Committee ’ ’ by distribution to all the persons participating in the meeting and it was otherwise distributed and that, upon information and belief (emphasis supplied), the said pamphlet and all of the matter contained therein and the publication thereof were authorized and ratified by the entire membership of the United Shoeworkers of America — CIO.
If the averments in the complaint in the Martin case (supra) which allege the creation, by the union, of the board to publish the weekly newspaper for union purposes and the publication of the defamatory articles by this board in the union newspaper, fell far short of asserting that the union members themselves authorized or ratified the particular libels, then, those in the instant complaint do likewise, because the only allegation in the complaint of union authorization or ratification is the bare allegation — and that on information and belief — ‘‘ the said pamphlet and all the matter contained therein and the publication thereof, was authorized and ratified by the entire membership of the United Shoeworkers of America — CIO.”
The complaint is dismissed as to these defendants in their representative capacities without prejudice to the plaintiffs to serve an amended complaint within 20 days.
Since the defendants, as individuals, do not seek any relief on this motion, the court does not pass upon their application for an order granting summary judgment under rule 113 of the Rules of Civil Practice. This phase of the motion will be heard by this court upon due and timely application for reargument by the defendants or by any proceedings which any party may elect to pursue. Any party may present additional facts and data in any subsequent proceeding.
Order accordingly, with $10 costs to the defendants.