Harry B. Frank, J.
This is a motion by defendant, pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice, to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.
The complaint alleges that the plaintiff, a physician, while seated at a table in the restaurant owned by the defendant, was slandered by one of defendant’s employees in the presence of patrons and guests, by stating: “ We serve the finest food here and we do not serve a goon like you. Keep the hell out of here. Don’t ever come in here again.”
The defendant contends that the word “ goon ” is not slanderous per se and therefore plaintiff must allege special damages in his profession. On the other hand, plaintiff contends that the word “ goon ” is slanderous per se and special damage need not be pleaded.
*153 In Webster’s New International Dictionary (2d ed., addenda, p. cxii) the word “ goon ” is alleged to have been popularized by E. C. Segar (1894-1938), an American cartoonist, who introduced in his comic strip “ Popeye ” a subhuman creature called “Alice the Goon”; and then defines it as “ One hired as a slugger, bomber, incendiary, or the like by racketeers or outlaw unionists for terrorizing industry or workers
Notwithstanding the words spoken of the plaintiff might induce an evil opinion of him in the minds of right thinking persons and tend to hold him up to ridicule, public contempt, aversion or disgrace, such words are, however, not actionable or slanderous per se. Pleading and proof of special damages are required to sustain an action for slanderous remarks unless the remarks amount to (1) a charge that plaintiff has committed a punishable crime; (2) that he has a loathsome disease; (3) or a charge that deals with the office, business, trade or profession of the plaintiff and tends to injure him therein. A careful study and analysis of the words reveal that they do not fall within any one of the three categories mentioned. There is nothing in the words to impute the commission of a crime by plaintiff, and even spoken words which merely impute a criminal intention or design are not actionable per se. Applying the principles here stated to this case, it is clear that the words attributed to defendant are not slanderous per se. Consequently, absent a sufficient allegation of special damage (and there is none in this complaint), the complaint fails to state a cause of action (cf. Gurtler v. Union Parts Mfg. Co., 285 App. Div. 643, affd. 1 N Y 2d 5; Hyatt v. Salisbury, 207 Misc. 785).
Accordingly, the motion to dismiss the complaint under subdivision 4 of rule 106 of the Rules of Civil Practice, for insufficiency is granted and the complaint is dismissed, with leave to plaintiff to serve an amended complaint, not inconsistent with any of the foregoing, within 10 days after service of a copy of this order with notice of entry.