Awthony J. Di Giovanna, J.
Defendants move upon the amended complaint and the orders of this court, for dismissal of each of the four causes of action of the amended complaint upon the ground of legal insufficiency and upon the further ground that the first, third and fourth causes of action do not comply with two previous orders of this court.
The action arises out of a dispute between plaintiff and defendants over certain moneys collected by plaintiff in connection with the sale of tickets to the annual breakfast meeting of the Negro Business and Professional Women’s Club of Brooklyn, New York, an unincorporated association (hereinafter referred to as “Association” or “Club”). Plaintiff seeks damages for certain alleged defamatory statements published of and concerning plaintiff.
No special damages are alleged in the complaint; hence, if the statements complained of are not defamatory per se, the causes of action must fail (O’Connell v. Press Pub. Co., 214 N. Y. 352; Brikmier v. Uneeda Jamaica, 259 App. Div. 924 [2d dept.]; Growman v. Globe Apts., 283 App. Div. 1050).
The first two causes of action sound in libel. The first cause of action alleges in part that defendant Margaret Reed, acting in her individual capacity and as a member and chairman of the breakfast committee of the Association, “ with malice aforethought ” retained a law firm to forward to plaintiff a letter (Exhibit A annexed to the complaint). The attorneys’ letter informed plaintiff that they had been retained by the Club to collect from plaintiff the sum of $155 due the Club for tickets *291 sold by plaintiff for the breakfast. It is also alleged under this cause of action that defendant Margaret Reed informed the members of the Club that she had retained the law firm on behalf of the Association to collect the sum due from plaintiff; that the matter was referred to an executive meeting of the Club and that the letter was discussed by the executive members at the special meeting called by the president of the Club; that the accusation against plaintiff was false.
The second cause of action is based upon an alleged false report (Exhibit B annexed to the complaint) which was prepared by defendant Margaret Reed and presented at a regular meeting of the Club by Daphne Sheppard as president thereof.
The third and fourth causes of action are founded upon alleged slanderous remarks of defendant Margaret Reed made, respectively, at a meeting of the executive members of the Club (third cause of action) and at a meeting, of the membership at large (fourth cause of action). It is also alleged under the fourth cause of action that, as a result of the false accusations made by the defendant Margaret Reed, the members of the Club voted to drop plaintiff from membership in the Club.
In suing defendant Daphne Sheppard in her representative capacity as president of the Association, plaintiff seeks to hold an unincorporated association liable for alleged defamatory publications made by one member thereof concerning another. Such action may not be maintained unless the individual liability of every single member of the Association can be alleged and proven (Martin v. Curran, 303 N. Y. 276). Since, in the instant case, the amended complaint fails to allege any facts showing that all the individual members of the Club authorized or ratified the tort complained of, the causes of action are insufficient as against defendant Daphne Sheppard sued in her representative capacity (Martin v. Curran, supra; Nettleton Co. v. Taylor, 2 Misc 2d 46).
With respect to defendant Margaret Reed, I conclude that .the first and second causes of action must be sustained as legally sufficient and the third and fourth causes of action must be dismissed for insufficiency. I cannot concur with the contention of defendants that the matter contained in the law firm’s letter (Exhibit A), of which plaintiff complains, is not libelous per se. The statements contained therein can reasonably be construed to import an element more damaging to plaintiff’s reputation than would be contained in the mere assertion that plaintiff owes money or that she is in default in payments due and owing. Any written or printed article is libelous or actionable without alleging special damages if it tends to expose the plaintiff to *292 public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons and to deprive him of their friendly intercourse in society (Sydney v. Macfadden Newspaper Pub. Corp., 242 N. Y. 208). In Bennet v. Commercial Advertiser Assn. (230 N. Y. 125), cited in the Macfadden case (supra), the court held that any false accusation which dishonors or discredits a man in the estimate of the public or his friends and acquaintances, or has a reasonable tendency so to do, is libelous. (See, also, Mencher v. Chesley, 297 N. Y. 94.)
The letter alleged to have been sent in the instant case, although couched in moderate language, nevertheless tended to show that plaintiff was a person who was withholding from the Club certain funds which had been collected on behalf of the Club. An inference that might reasonably have been drawn from the contents of the letter was that plaintiff was unworthy of trust. An indication that the publication of the writing could reasonably have had the effect of injuring the reputation of plaintiff and causing her to be deprived of friendly intercourse in her circle of acquaintances is to be found in the allegation made in the amended complaint that the Club voted to drop her as a member.
In any event, whether the statements contained in the letter might reasonably be construed as a reflection upon the character and standing of the plaintiff which might tend to deprive her of friendly association with other members of the community, presents a jury question as to the meaning to be attributed to such statements and consequently the motion to dismiss, under such circumstances, will be denied (Katapodis v. Brooklyn Spectator, 287 N. Y. 17; Cyran v. Finlay Straus, Inc., 302 N. Y. 486; Neaton v. Lewis Apparel Stores, 267 App. Div. 728).
The second cause of action must be sustained as against defendant Beed for the same reasons that move this court to sustain the sufficiency of the first cause of action as against said defendant.
With respect to the third and fourth causes of action as against defendant Beed, the alleged slanderous remarks must be deemed not actionable and hence these two causes of action are legally insufficient. It is well established in this State that a pleading and proof of special damages is required to sustain an action for slanderous remarks unless the remarks amount to a charge, (1) that plaintiff has committed a punishable crime, or (2) that plaintiff has a loathsome disease, or (3) that deals with the office, business, trade or profession of plaintiff and tends to injure him therein, or (4) imputes unchastity to a *293 female plaintiff. Unless they fall within one of the foregoing categories, oral charges attacking the character or condition of health of a person, or accusing a person of disreputable conduct, are not actionable without pleading and proof of special damages (Hyatt v. Salisbury, 207 Misc. 785; Sleight v. Woods, 145 Misc. 824). (See Moore v. Francis, 121 N. Y. 199, 203.) There is nothing in the complaint to suggest that the alleged slanderous remarks fall within one of the categories previously referred to. Since no special damages are alleged, the third and fourth causes of action must be dismissed for insufficiency.
In view of the foregoing disposition of the motion, it is not necessary to deal with defendants’ contention that there was no compliance with the two orders of this court which were addressed to the sufficiency of the original complaint. The words constituting the libel charged in the first cause of action of the amended complaint have been set out in full; it is immaterial whether the slanderous remarks alleged in the third and fourth causes of action constituted the exact language used, since, in any event, such remarks are not actionable under the circumstances of this case.
Accordingly, the motion to dismiss is granted as to defendant Daphne Sheppard in her representative capacity. With respect to defendant Margaret Reed, the motion is denied as to the first and second causes of action and granted as to the third and fourth causes of action of the amended complaint. Settle order on notice.