Louis L. Friedman, J.
Innumerable motions have been made by the parties to the controversies before this court. The controversies arise out of a decree of separation entered into more than 20 years ago, and in some respects, out of a stipulation settling that separation action, on the basis of which an inquest was taken and the decree was entered. Subsequently, a Florida decree of divorce was entered in favor of defendant husband, and he thereafter remarried. Some time after such remarriage, he stopped making payments provided for by the decree of separation, and a motion to enter judgment by reason of such nonpayments is now pending and undetermined before another Justice of this court. Since that time, motion after motion has been made, another action or actions have been instituted and the court has been deluged with various applications of one kind or another. Through application made by the plaintiff, alimony has been increased, and despite all orders of the court, plaintiff is still receiving no financial assistance from the defendant, her remedies being delayed by continuous motions, appeals and other steps. She is now the recipient of public welfare, has testified that she has been living by candlelight because she does not even have the funds to pay for electricity, and there seems to be no reason why the public should assume the obligation of her support, when she is legally entitled to receive such support from the defendant. His own testimony to the effect that his earnings exceed $20,000 a year, indicate that plaintiff should not be obliged to resort to welfare payments for her subsistence.
The three motions now pending before the court, will be disposed of in this decision, and separate orders with respect to each of the decisions may be entered therein.
Defendants move, pursuant to rule 107 of the Rules of Civil Practice, for an order dismissing the first four causes of action in the complaint upon the ground that the Statute of Limitations *655 bars said causes of action. Defendants further move pursuant to rule 106 of the Rules of Civil Practice for judgment dismissing the second to the sixth causes of action, inclusive, on the ground that they fail to set forth facts sufficient to constitute causes of action, and further move under rule 103 of the Rules of Civil Practice to strike out the fifth and sixth causes of action as sham and frivolous.
The first cause of action is brought to recover payments allegedly due under a separation agreement. The agreement referred to in the complaint is the stipulation of settlement to which the court has already referred. The court holds that this stipulation is not a separation agreement, that it was never intended that it should be considered as such, that it was intended that said stipulation be incorporated into and made part of the final decree, that the stipulation was merged in the decree and that plaintiff’s rights, if any, must be governed by the decree and not the stipulation. The stipulation was in the nature of a consent judgment with the same force and effect as any other judgment (Evans v. Stein, 59 N. Y. S. 2d 54, affd. 269 App. Div. 1052, motion for leave to appeal denied 270 App. Div. 810) and until vacated and set aside in the manner provided by law it stands as a final disposition of the rights of the parties. The court accordingly is dismissing this cause of action, not on the theory of the Statute of Limitations but rather under the prayer for other and further relief.
The relief sought in the second cause of action which is an action at law separate and distinct from the original action for separation is one for judgment for the alleged arrears of alimony.
Alimony is a creature of statute and the means and methods by which it is obtained are specifically set forth in the applicable sections of the Civil Practice Act. A claim for unpaid alimony under a domestic matrimonial judgment or order cannot be made the basis for recovery in an independent action. The exclusive remedy is an application in the matrimonial action pursuant to the provisions of section 1171-b of the Civil Practice Act (Maynard v. Maynard, 112 N. Y. S. 2d 813; Dempsey v. Dempsey, 205 Misc. 495; Schwartz v. Schwartz, 206 Misc. 548; Snow v. Snow, 13 Misc. 2d 966). The cases cited by the plaintiff are inapposite in their facts or distinguishable in law. It is apparent that the plaintiff was aware of her rights under the aforesaid sections of the Civil Practice Act and the cases cited, as a prior application instituted by her directing the entry of a judgment for such arrears is now pending before another Justice of this court. Accordingly, *656 the motion addressed to this cause of action under rules 106 and 107 of the Rules of Civil Practice is granted. ■
The third cause of action is to recover damages in the sum of $1,000,000 predicated upon the defendant’s alleged transfers of his property with the intent to place such property beyond the reach of the plaintiff and with the intent to hinder, delay or defraud the plaintiff. Apparently plaintiff is attempting to set forth a cause of action pursuant to the provisions of sections 270-281 of the Debtor and Creditor Law. While it is true that plaintiff has a right under section 279 of the Debtor and Creditor Law to proceed to set aside any conveyance made by her husband which has for its purpose to defeat any claim of hers for alimony, even though her claim has not matured (Enthoven v. Enthoven, 167 Misc. 686, affd. 256 App. Div. 813), the cause of action is lacking in many of the essential allegations required to be pleaded under these sections.
In addition to failing to move to set aside such transfers, the plaintiff has failed to allege that by such transfers defendant has stripped himself of his property as to be unable to pay his obligations to the plaintiff (Lafayette Lbr. Co. and Brighton Lbr. & Trim Co. v. Selvester, 226 App. Div. 766; Mariner Harbor Nat. Bank and West New Brighton Bank v. Imperial Beverage Corp., 264 App. Div. 785; Empire Box Board Corp. v. Active Paper Box Co., 115 N. Y. S. 2d 14). Under the circumstances, the motion under rule 106 of the Rules of Civil Practice is granted and the third cause of action is dismissed. Although there is testimony before the court in the matrimonial action, as well as affidavits by the plaintiff herself, all of which indicate that defendant husband is anything but insolvent, the court may not go beyond the allegations of the complaint. Plaintiff will undoubtedly be unable to successfully assert and prove facts which will bring her within the holdings of the above-cited decisions. Nevertheless, since the court is bound only by the face of the complaint and not by extraneous information which has come to the court’s attention in another action, the dismissal will be with leave to replead as hereinafter indicated.
The fourth cause of action alleges a conspiracy on the part of the defendants to injure the plaintiff by making transfers and to induce the breach by the defendant husband of the so-called separation agreement. Damages in the sum of $200,000 are sought. The allegations of the first three causes of action are reiterated in this fourth cause of action. This cause therefore suffers from the same deficiencies which appear in the other causes of action and to which reference has already *657 been, made, and, accordingly, the fourth cause of action must also be dismissed, but as was stated with respect to the third cause of action, with leave to replead as hereinafter indicated.
The fifth and sixth causes of action are for slander and libel respectively, which is alleged to have occurred in New York City and in California, charging the plaintiff with immoral acts. Where the words impute adultery or unchastity to a woman, allegations of special damages are not required to be pleaded (Rules Civ. Prac., rule 97; Sleight v. Woods, 145 Misc. 824; Woodruff v. Woodruff, 36 Misc. 15). Sufficient facts have been set forth in these causes of action to constitute proper causes of action in libel and slander. Whether the words complained of were privileged or not is a matter of defense (People ex rel. Bensky v. Warden, 258 N. Y. 55). Particulars as to names of witnesses and dates, etc., may be obtained by a demand for a bill of particulars. Accordingly, the motion to dismiss these causes of action, and the motion'as to them pursuant to rule 103 of the Rules of Civil Practice, are both denied. The first cause of action is dismissed as heretofore indicated; the second cause of action dismissed pursuant to rules 106 and 107 of the Rules of Civil Practice; the third and fourth causes of action are dismissed pursuant to rule 106 of the Rules of Civil Practice, with leave to plead over within 20 days after the service of a copy of the order to be entered herein, with notice of entry; and the motions are denied as to the fifth and sixth causes of action. All other phases of the three motions are denied. Settle orders on notice.