Joseph A. Gavagan, J.
This is a motion in an action for libel to dismiss the complaint for insufficiency. The defendant publishes a Hungarian language weekly newspaper in New York City and other cities in the United States. The plaintiff is the chairman of an organization known as the Federation of Hungarian Former Political Prisoners. The action arises out of the report in the defendant’s newspaper on the visit to the United States in January, 1959 of Anastas I. Mikoyan, First Deputy Premier of the Soviet Union. The alleged defamatory statement, as translated in the complaint, reads as follows: “ A *318 few contemptuous Magyars, obtainable for anything, tried to disturb Mikoyan’s friendly reception, and polluted the air at the airport as well as before the State Department Building.” The complaint alleges further that the defendant intended, and was so understood by readers of the newspaper, to refer to the plaintiff, who was the leader of pickets protesting the visit of the Soviet official; that the defendant intended to expose the plaintiff to hatred, contempt, ridicule or aversion; that the statement was false and defamatory and defendant knew that it was false and defamatory; and that plaintiff suffered damage to his reputation.
The chief challenge to the complaint is that the words alleged are not libelous. Belying on the authority of Luft v. Hoffman (201 Misc. 384), the defendant argues that the words “ obtainable for anything ” are too vague to be defamatory and that the complaint should be dismissed. Contrary to defendant’s argument, however, Special Term in the Luft case sustained a cause of action for slander arising out of the utterance that the plaintiff therein “is the lowest type of woman”. The defendant cites other cases sounding in slander and thus disregards the well-settled principle that libel, unlike slander, is ‘ ‘ actionable without alleging special damages if it tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society” (Sydney v. Macfadden Newspaper Pub. Corp., 242 N. Y. 208, 211-212; see Ostrowe v. Lee, 256 N. Y. 36; cf. Hyatt v. Salisbury, 207 Misc. 785; Bolton v. Strawbridge, 156 N. Y. S. 2d 722).
Bequired to construe “ the defamatory publication in determining its characteristics and result in the same way that the reading public, acquainted with the parties and the subject would take it” (Sydney v. Macfadden Newspaper Pub. Corp., supra, p. 214), this court finds that the words here in issue are “ at least capable of a defamatory construction, and, that being so, it is for a jury to say whether [plaintiff] was thereby held up to contempt, ridicule or disesteem ” (Cyran v. Finlay Straus, Inc., 302 N. Y. 486, 489).
The defendant urges, however, that the words in question, even if defamatory were not actionable for the reason that the plaintiff and the reported event were the subject of fair comment. On the other hand, plaintiff contends that the comment was, as alleg’ed in the complaint, 1 £ maliciously published ’ ’, and neither fair, honest, nor made upon a full statement of the facts. In Hoeppner v. Dunkirk Print. Co. (254 N. Y. 95), cited by both parties, the plea of fair comment was rejected on a *319 motion for judgment on the pleadings where, as here, the complaint alleged malice. The Court of Appeals said (p. 106): 1 ‘ A criticism or comment of this nature, if fairly and honestly made, even if it reflects upon the plaintiff personally, is not libel. The complaint, however, goes one step further. We are dealing with the allegations of a complaint and not with proof after a trial. The plaintiff alleges that this criticism of him and of his work was not fair and was not honest; it was published with actual malice, ill will and spite. If he establishes this allegation, he has made out a cause of action. No comment or criticism, otherwise libelous, is fair or just comment on a matter of public interest if it be made through actual ill will and malice.”
Whether plaintiff can prove actual malice (Hoeppner v. Dunkirk Printing Co., supra) and whether the statement complained of refers to the plaintiff (Gross v. Cantor, 270 N. Y. 93) are issues for the jury to decide.
For the present purpose, the complaint is legally sufficient and the motion to dismiss is accordingly denied.