John H. Farnham, J.
Defendant moves under rule 106 of the Rules of Civil Practice for the dismissal of plaintiff’s complaint on the grounds that neither of the two causes of action alleged in the complaint sets forth facts sufficient to constitute a cause of action. While it is true that the complaint does not set forth specifically different causes of action, it appears that various causes of action are spelled out in the complaint. The pertinent facts which should be stated in order to resolve this motion are as follows:
*585 Carol Jagiello is the mother and guardian of the infants, Natalie Jagiello and Edwin T. Jagiello, Jr. Carol Jagiello secured a support order from the Oneida County Children’s Court on or about February 20, 1961. The said order directs her husband, Edwin T. Jagiello, and father of her two infant children to provide support for them at the rate of $60 per week. The defendant is not now in default in making his weekly payments pursuant to the said Children’s Court order. Apparently, on the same date, February 20, 1961, the defendant, Edwin T. Jagiello, who either is the sole stockholder or one of the stockholders of the corporate defendant, Maple Contractors, Inc., as it is alleged, caused the family residence property, where the plaintiff and her two infant children had resided in family relationship for some four years, and which property was owned by said corporate defendant, to be conveyed to the defendants, Joseph and Dolores Jagiello, husband and wife, and brother and sister-in-law, respectively of the defendant, Edwin T. Jagiello.
It appears also that the said conveyance included all personal property located in said residence and that plaintiff wife and her two infant children were forced to remove from said property on eight hours’ notice. In passing the court notes that U. S. Revenue Stamps on the deed of conveyance indicate the consideration for said conveyance was $17,500 with no purchase-money mortgage recorded up to at least April 11, 1960; also, at least, for a period of some two months after the conveyance, the property remained vacant. While it may not be of any moment, it is more than likely that without question the defendant, Edwin T. Jagiello, authored the entire conveyance and eviction procedure. The court knows not the entire background of the situation but is not so naive as to be unable to diagnose defendant’s, Edwin T. Jagiello, planned determination to eliminate his wife and children from their previous household even though accomplished possibly by devious legal methods, which does seem singular to the court in view of all this procedure that, as appears by the moving papers, the parties still continue to live as one family unit.
Plaintiff alleges further that the said Edwin T. Jagiello is the sole stockholder in Maple Contractors, Inc. However, this is controverted in defendant’s memorandum. The plaintiff also alleges that the aforesaid deed of conveyance was fraudulent, that it be set aside and also that no consideration was paid for said conveyance. Plaintiff seeks to have her distributive share in said premises set aside for her benefit.
*586 By her second cause of action, plaintiff seeks to have an accounting of the proceeds of said conveyance, if any, or in the alternative to have the property in question appraised, and that she be awarded money damages for her interest therein. The issue is presented squarely as to whether plaintiff has any interest in the property individually. The court is unable to reconcile any authorities which would favor such a determination inasmuch as prior to her marriage to her defendant husband, Edwin T. Jagiello, it appears that the property was owned by and in the name of the corporation. Oral statements to the effect that she had an interest in the property are insufficient in law to grant her an interest in the real property. Such interest is not defined nor is it fixed by record title in plaintiff’s favor. See sections 242 and 249 of the Beal Property Law and cases cited thereunder.
The second issue presented by plaintiff’s complaint is whether she, the plaintiff as guardian of her infant children, has any standing to attack an alleged fraudulent conveyance in the light of the aforesaid Children’s Court order. The court is of the opinion that section 270 of the Debtor and Creditor Law supports plaintiff’s contention with respect to the standing or issue of plaintiff’s two infant children. (See Enthoven v. Enthoven, 167 Misc. 686 and cases cited therein.)
The court agrees that it can find no authority directly in point, nevertheless, the cases cited, the holding in the Enthoven case in particular with reference to the discussion of section 270 of the Debtor and Creditor Law and the dictum by Cardozo, Ch. J., in American Sur. Co. v. Conner (251 N. Y. 1, 7) which in part reads as follows: ‘ ‘ The act is explicit that a creditor may now maintain a suit in equity to annul a fraudulent conveyance, though his debt has not matured.” All of these references seem to point the way and substantiate the court’s position. The court has studied the case of Bishop v. Bishop (204 Misc. 128) and believes the case at hand is distinguishable from the Bishop case on the grounff that the infant children here have no remedy of sequestration or the additional remedy afforded by section 1171-b of the Civil Practice Act.
Assuming for purposes of argument only that the defendant fraudulently divested himself of his property, then his death, serious illness or refusal to make his weekly payments for their benefit under the Children’s Court order herein referred to very possibly could leave his infant children as public charges. This court does not believe that, merely because the defendant is not now in default in his payments, he should be permitted, if so proven, to divest himself of his property and/or assets.
*587 This court can conceive of no higher moral duty than a father’s obligation to support, together with his wife should she have the means, his infant children. The only remedy for noncompliance by the defendant, Edwin T. Jagiello, with the Children’s Court order would be possible jail sentence, which while harsh to be sure, offers no financial aid to deserving infants. Therefore, it is the considered opinion of this court that the infant children, Natalie and Edwin T. Jagiello, Jr., are creditors under section 270 of the Debtor and Creditor Law with legal status with the assistance of a guardian to prosecute this action.
The allegations of the complaint pertaining directly or by implication to the claimed interest of Carol Jagiello in the real property in question are dismissed. The balance of the complaint, however, stands.
The cross motion to amend the complaint with respect to parties plaintiff was resolved by order of the court permitting the proposed amendment as now appears in the caption hereof on April 4, 1961. In arriving at this decision, the court grants plaintiff guardian ad litem $10 motion costs.