Frank J. Pino, J.
In an action to impress a constructive trust, defendant Herbert Karron (hereinafter called Herbert) moves to dismiss the complaint upon the ground that it fails to state a cause of action. The remaining defendants similarly move to dismiss the complaint and additionally assert that the plaintiffs are not the real parties in interest.
The complaint alleges that plaintiff Natalie Karron (hereinafter called Natalie) is the wife of Herbert and the remaining plaintiffs are the children of their marriage; that Natalie and Herbert are not living together as husband and wife; that on July 16,1965, a permanent order was made by the Family Court of the State of New York pursuant to which Herbert was and *929 is required to make weekly payments together with other specified payments for the support and maintenance of Natalie and the children, and that Herbert is in default in payment of certain sums. It is further alleged that Herbert has a one-fourth interest with the individual codefendants in the defendant corpora-. tions and in the estate of Martha Karron, deceased; that Herbert’s interest is managed and controlled by the codefendants to his exclusion; that Herbert’s income or earnings from said interest are unreasonably less than those of the codefendants, although their interests are equal; that the value of his interest is continuously and systematically being diminished by the undue influence exercised over him by the codefendants; that Herbert is unwilling or unable to look after his interest and is allowing the same to be diminished to the detriment of his wife and children; that the codefendants are unjustly enriching themselves to Herbert’s detriment and the detriment of the plaintiffs; that such continuous conduct will diminish Herbert’s interest to such extent that he will no longer be able to support his wife and children in accordance with the provisions of the Family Court order.
The forms and varieties of constructive trusts are practically without limit (Latham v. Father Divine, 299 N. Y. 22) yet a constructive trust does not arise upon every moral wrong or abuse of confidence. Equity will raise such trust against anyone who in any way against good conscience has obtained or holds the legal right to property which he ought not in equity hold and enjoy. To impress a trust on the property in Herbert’s hands would require a declaration that he has no beneficial right to the property. There is no assertion by the plaintiffs that Herbert is not the owner of the property or that he has obtained the ownership in such fashion that he is not entitled in equity to continue to hold the property. In fact, the legality of his holdings is professed. Thus, there is no basis to impress a trust upon the property which he holds.
Plaintiffs cite Jagiello v. Jagiello (29 Misc 2d 584) for the purpose of bolstering their claim to the right of the impression of a trust. The cited case, however, does not involve the same question presented herein. There the court held that plaintiff’s wife as guardian for her infant children, for whose support the father was directed by the Children’s Court to pay $60 per week, had standing as a creditor under section 270 of the Debtor and Creditor Law to attack a conveyance of property as fraudulent even though the father was not in default under such order. Plaintiffs herein do not proceed under the basis of the Debtor and Creditor Law, and even if this court as one in equity would *930 mold its relief to suit the exigencies of the case, there would be no foundation for it to follow the result in the J agidlo case since there is no claim that Herbert had fraudulently conveyed any of his property. Accordingly the complaint is dismissed as to Herbert.
Examining the complaint with respect to the remaining defendants, it is reiterated that the principles set forth in Jagiello v. Jagiello (supra), are not applicable herein since there are insufficient facts to support a claim of a fraudulent conveyance and transfer of Herbert’s property. Nor can the court entertain this matter for the purpose of impressing a constructive trust since plaintiffs are not the real parties in interest. The language of Melenky v. Melen (233 N. Y. 19) is significantly appropriate to the case herein. The court, per Cakdozo, J. (pp. 23-24) states: “This grantor has not attempted to enforce his chose in action. He has not asked a court of equity to undo the conveyance and re-establish the divested title. He is willing to let the transaction stand, or unwilling, at all events, to take active measures to annul it. We are now asked to say that the wife may reclaim what the husband would abandon. This means, of course, that the chose in action is not solely his, but is hers also, to the extent of the benefit that would come to her if he had chosen to enforce it. We find no adequate basis for such a conclusion either in principle or in precedent. * * * He is not subject to the reproach of plotting a fraud upon his wife (Walker v. Walker, 66 N. H. 390; Brownell v. Briggs, 173 Mass. 529). No such charge, indeed, is made. The most that can be said is that he is unwilling to assume the burden of seeking redress for a fraud which another has practiced upon him. In this, we find no breach of duty. The right of election is his, either to submit or to contend. His wife may not elect for him, nor overrule his choice. # * * The wrong to the husband may be the misfortune of the wife. We think it is nothing more.”
If Herbert is imposed upon by his codefendants by reason of, as implied in the complaint and briefs of the plaintiffs, his mental disability, plaintiffs still could not proceed with the suit, but it would necessarily have to be placed in the hands of a duly appointed committee to manage the affairs of Herbert. (Roens v. Ratkin, 11 Misc 2d 855; Finch v. Goldstein, 245 N. Y. 300.) The complaint is accordingly also dismissed with respect to the remaining defendants.