BLOODWORTH, Justice.
This appeal raises the question as to whether, in an action for slander based on the assertion that plaintiff was not a duly qualified and licensed attorney, plaintiff must specifically allege that he is “actively engaged in the practice of law” in order to withstand a Rule 12(b)(6) ARCP motion.
We answer in the negative and hold that, in this case, the allegations of the complaint are sufficient to show plaintiff’s profession without the need for the specific allegation. We reverse and remand.
Plaintiff’s complaint alleged, inter alia: that he is an attorney at law, having passed the State Bar Exam and having been admitted to practice law by the Alabama Supreme Court on September 23, 1973 (he attached his license to the complaint); that the defendant slandered him by saying of him in the presence of divers persons that *423 “the Plaintiff was not a duly qualified attorney and that the Plaintiff was not licensed to practice law within the State of Alabama”; that he has suffered mental and emotional distress and embarrassment: that “his reputation has been injured”; and, that he has been “injured in the practice of his profession.”
Defendant’s motion to dismiss simply states that the complaint “fails to state a claim upon which relief can be based.”
Neither side asked for oral argument on the motion. It was submitted to and granted by the trial judge without any reason being given.
On this appeal, plaintiff says that the motion was erroneously granted. He contends that a complaint “should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,” citing Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, (1957). He further contends that the words spoken of him are actionable per se.
On the other hand, defendant contends that the motion to dismiss was properly granted since the complaint fails to allege that the plaintiff is “actively engaged in the practice of law.” He argues that such a specific allegation is necessary. He cites Prosser, Law of Torts § 112 (4th ed. 1971), and Sleight v. Woods, 145 Misc. 824, 260 N.Y.S. 825 (1932), and Shakun v. Sadinoff, 272 App.Div. 721, 74 N.Y.S.2d 556 (1947), as his authorities for this proposition.
However, these authorities simply hold that no proof of special damages is necessary in order to recover damages for slander affecting a person’s business or profession. These authorities do say that it must appear from the complaint that the plaintiff was then, or about to be, engaged in the business or profession. Authorities, supra.
We think that the plaintiff’s complaint contained, in substance, sufficient allegations at least to the point of withstanding a Rule 12(b)(6) ARCP motion to dismiss. Conley v. Gibson, supra.
We agree with the plaintiff that, in order to hold otherwise, we would have to treat the 12(b)(6) motion as a general demurrer and would have to construe the complaint most strongly against the pleader, a stance this Court abandoned by adopting the Alabama Rules of Civil Procedure January 3, 1973.
The granting of the 12(b)(6) motion to dismiss was premature. We reverse and remand.
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, ALMON and EMBRY, JJ., concur.