Elena P. Rovira, Appellant, v. Andrew Boget, Respondent.

Slander — meaning of the French word " cocotte " — erroneous dismissal of complaint in action for slander brought against a defendant who applied such word to plaintiff — question for jury whether such word imputed to plaintiff unchastity and was so understood by those who heard it.

The French word " cocotte " in common use is susceptible of two meanings; in some associations it may mean a poached egg, in others it is used to designate a woman who leads a fast life, one who gives herself up for money. Where, therefore, in an action f r slander it appears from the evidence that defendant said to plaintiff in the presence of several persons, " Go ahead, you are worse than a cocotte," it was error to dismiss the complaint. The evidence was sufficient to warrant the jury, in passing upon the meaning of the word " cocotte " as used by the defendant, to decide whether it imputed to the plaintiff unchastity and was so understood by those who heard it.

*Rovira* v. *Boget*, 211 App. Div. 854, reversed.

(Argued May 6, 1925; decided June 2, 1925.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 9, 1925, affirming a judgment in favor

of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*David Lobel* for appellant.   The words spoken clearly impute that plaintiff is an unchaste woman, and hence constitute slander *per se.*   (Newell on Slander & Libel, 92; *Weed* v. *Bibbins,* 32 Barb. 315; *Blakeman* v. *Blakeman,* 31 Minn. 399; *Wachten* v. *Zuenzer,* 29 N. Y. 547.)   The court erred in dismissing the complaint for lack of proof of publication or for failure to show that the words spoken were slanderous.   (*Van Vechten* v. *Hopkins,* 5 Johns. 211; *Dexter* v. *Taber,* 12 Johns. 239; *Ex parte Baily,* 5 Cow. 714; *Hayes* v. *Ball,* 72 N. .Y. 418; *Miller* v. *Donovan,* 16 Misc. Rep. 453.)

*Henry D. Bulkley* for respondent.   Plaintiff has failed to establish that the words alleged to have been spoken by defendant were slanderous *per se.*   (*Moore* v. *Levy,* 191 N. Y. Supp. 165; *Miller* v. *Donovan,* 16 Misc. Rep. 453; *Hayes* v. *Ball,* 72 N. Y. 418.)   No action for slander lies without proof that the slanderous matter was heard and understood by some person or persons other than plaintiff.   (*Broderick* v. *James,* 3 Daly, 481; *Youmans* v. *Smith,* 153 N. Y. 214; *Owen* v. *Ogilvie,* 32 App. Div. 465; *Sheffill* v. *Van Deusen,* 13 Gray [Mass.], 304; *Shepard* v. *Lamphier,* 84 Misc. Rep. 498; *Sullivan* v. *Sullivan,* 48 Ill. App. 435; *Wormouth* v. *Cramer,* 3 Wend. 394.)

*Per Curiam.*   The plaintiff sued the defendant for slander.   At the end of the plaintiff's case her complaint was dismissed.   The judgment of dismissal has been affirmed, two justices dissenting.   We think the plaintiff made out a case which should have been submitted to the jury.   The law is not in dispute; it is well understood. It is the application of the law to the evidence which causes the disagreement among the judges.

The plaintiff was a widow, a Spanish lady, the mother of four children.   She was stewardess on the steamer

[240 N. Y. 314] Opinion *Per Curiam.* [June,

*Orizaba* plying between America, Cuba and Spain. The defendant was second steward on board the ship. Plaintiff swears that on the voyage he tried to make love to her and resented her doing some work in the chief steward's office. He apparently was a little jealous. One evening when the ship was in Havana harbor, the plaintiff and the defendant and others were seated at their evening meal. Words were exchanged between the parties. The plaintiff testified: " the ship was already sailing, starting to sail to Spain, and there was not ice water on the table, and Mr. Boget was sitting near, and I told him: ' Will you please ask for some ice water? ' and he said: ' Why don't you go to your friend's room and ask him for ice water? ' (evidently meaning the chief steward) and I said to him: ' I have no friends; I just am nice to everybody, and I have no friends.' And then he said: ' Go ahead, you are worse than a cocotte.' " With this the plaintiff fainted, not, however, until she had slapped his face. The word " cocotte " is a French word meaning a woman who leads a fast life, one who gives herself up for money. The interpreter said it implies to some men the same idea as the word prostitution. In other associations it may mean a poached egg. At the dinner table when these words were spoken were the stewardess, two hospital attendants and the barber, all sitting around the table with the plaintiff and the defendant. The plaintiff was asked: "Q. When Mr. Boget said those words were they heard by anybody else, excepting you? A. Oh, they must have heard them." The other people spoke English and understood French. As a rule the words complained of are to be taken and understood in that sense which is most natural and obvious and according to the ideas they are calculated to convey to those to whom they were addressed. If the word " cocotte " in common usage is susceptible of two meanings it would be for the jury to say in what sense the word was used and understood.

We think sufficient appears in this case to warrant the jury in passing upon the meaning of this word " cocotte " as used by the defendant, whether it imputed to the plaintiff unchastity and was so understood by those who heard it.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., absent.

Judgments reversed, etc.