In the Matter of a Proposed Change in the Map or Plan of THE CITY OF NEW YORK, so as to Widen Kings Highway., etc. THE LONG ISLAND RAILROAD COMPANY, as Successor to THE NEW YORK, BROOKLYN AND MANHATTAN BEACH RAILWAY COMPANY, Appellant; THE CITY OF NEW YORK, Respondent. (No. 5.) — Decision and determination of the board of estimate and apportionment confirmed, with costs. No opinion. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

In the Matter of the Judicial Settlement of the Final Accounting of THOMAS GRIEVE, Deceased Committee of the Estate of JOHN T. GRIEVE, an Incompetent Person.— Order denying motion for an order for the judicial settlement of supplemental report on final accounting affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

In the Matter of the Application of LENA HOLLAND, etc., Respondent, for a Peremptory Order Directing HOLLAND BROTHERS REALTY CORPORATION, Appellant, to Allow Her to Inspect Its Corporate Books.— Peremptory mandamus order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The answer and affidavits in opposition to the motion presented an issue as to whether petitioner, respondent, was a stockholder or director of the corporation, which should first be determined before allowing the peremptory order. Besides this, the answering affidavit of Louis Holland challenges the good faith of the petitioner, referring to the other litigations pending between the parties. In such a case the court, in the exercise of its discretion, might grant an alternative order, but should not grant a peremptory order as applied for in the first instance. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

JAMES KAVANAGH, Appellant, v. STANLEY THOMAS, Respondent.— Order dismissing complaint for insufficiency, and judgment entered thereon, reversed upon the law, with costs, and motion denied, with ten dollars costs. We think that the matters alleged in the second and third paragraphs of the complaint import an accusation of the crime of adultery which the defendant is alleged to have spoken of and concerning the plaintiff. The allegation is that defendant " publicly stated " this charge. Such an allegation " imports an uttering of the words in the presence and hearing of others." (*Duel* v. *Agan,* 1 Code Rep. 134; Townshend Sland. & Lib. [4th ed.] § 324.) As to the matters alleged in the fourth paragraph of the complaint, we are of opinion that they do not constitute slander *per se,* but as the order and judgment appealed from dismissed the complaint in its entirety, we leave the parties to take such action with reference thereto as they may be advised. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

MARY HORNBY LAPIEDRA, Individually and as Administratrix de Bonis Non, etc., of BRIDGET DITTON, Deceased, Respondent, v. AMERICAN SURETY COMPANY OF NEW YORK, Appellant. THOMAS W. TUITE, Respondent.— Order denying motion to resettle case reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. No opinion. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.