CHARLES Z. WEINER, Respondent, *v.* ISIDOR LEVITON, Appellant.

Second Department, July 24, 1930.

*Nathaniel T. Helman* [*Herman H. Feldstein* with him on the brief], for the appellant.

*Henry Spitz*, for the respondent.

SCUDDER, J. This action was brought to recover damages for uttering the words: " You dirty crook, you are the biggest crook on Bedford Avenue."

No special damage is alleged, nor is there any innuendo from which a reading of the complaint would indicate any broadening of the meaning of the words alleged to be slanderous *per se*.

The motion to dismiss the complaint was made under rule 106 of the Rules of Civil Practice, upon the ground that the complaint does not set forth facts sufficient to constitute a cause of action

Appellant contends that the words alleged to have been spoken are not slanderous *per se*, and, therefore, special damage must be alleged. If the words are not slanderous *per se*, then the motion should have been granted, because no special damage was alleged. (*Villemin* v. *Brown*, 193 App. Div. 777 [1st Dept.]; *Tower* v. *Crosby*, 214 id. 392 [4th Dept.], and cases cited.)

The only question to be determined here is whether or not the word " crook " is slanderous *per se*.

The Court of Appeals has not passed upon the question. The First Department has, on two occasions, held the word " crook " was not slanderous *per se*. (*Villemin* v. *Brown, supra; Hofstadter* v. *Bienstock*, 213 App. Div. 807.)

In the *Villemin* case the plaintiff alleged that the defendant called the plaintiff a " crook." This was amplified by allegations that the words spoken imputed dishonesty and moral turpitude and that the third party who overheard the words spoken understood the words to mean that plaintiff was a crook, thief and robber. No special damages were pleaded and plaintiff rested " her claim solely upon the ground that the statement was slanderous *per se*." It was held that the word " crook " was not slanderous *per se*, because it did not impute an indictable crime. A forceful dissenting opinion reviewed many definitions and concluded that " the word ' crook ' in view of its commonly accepted meanings might properly be held by the jury to have been said and understood in the sense charged by the innuendo and, therefore, to have been slanderous *per se*."

In the *Hofstadter Case* (*supra*) the First Department affirmed an order dismissing the complaint, upon the authority of the *Villemin* case.

In *Pandolfo* v. *Bank of Benson* (273 Fed. 48) the United States Ninth Circuit Court of Appeals said that while " crook " and " crooked " have two meanings, one of which is harmless, " there

is no harmless meaning when they are applied to an individual or to human conduct. Where so applied, the common understanding of mankind imputes defamatory meaning to them."

The word " crook " seems to be a colloquialism in this country. Slang has given it, at least to most minds, a well-understood meaning, viz., that a " crook is one who violates the criminal laws." Words and phrases, beginning as slang, may eventually by common usage become a part of our language and be recognized as good English. The word " crook " seems to have followed such a course of development. Murray's New English Dictionary defines " crook " as " one whose conduct is crooked; a dishonest person, swindler, sharper." I think the word has even acquired the meaning that a " crook " is one who violates the criminal laws. It is in my opinion synonymous with " a criminal."

While the pleading in question here lacks innuendo, if we give to the words used a meaning that the plaintiff is a criminal, then the order denying the motion to dismiss the complaint should be affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from service of a copy of the order herein.

LAZANSKY, P. J., YOUNG, KAPPER and TOMPKINS, JJ., concur.

Order denying motion to dismiss complaint affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from service of a copy of the order herein.