MORRIS HARRIS, Appellant, v. NEW YORK, WESTCHESTER AND BOSTON RAILWAY COMPANY, Respondent.

First Department, April 12, 1935.

*Goodman Block,* for the appellant.

*Edmund J. Moore* of counsel [*John M. Gibbons,* attorney], for the respondent.

UNTERMYER, J. The plaintiff, a passenger on the defendant's railroad, in two causes of action contained in the complaint charged the defendant with false arrest and slander. At the conclusion of the case the complaint was dismissed by the court upon the ground that no detention of the plaintiff sufficient to constitute an arrest had been shown and that the words alleged to have been uttered concerning the plaintiff were not slanderous *per se.*

The facts to which the plaintiff testified and which, though denied by the defendant's witnesses, the jury could have found to be established, are as follows: The plaintiff purchased a ticket for twenty-five cents at the defendant's railroad station at One Hundred and Eightieth street, New York city, for transportation to the North Avenue station in New Rochelle. Such a ticket is yellow in color as distinguished from tickets which are white, the price of which is only seven cents. After alighting from the train with many other passengers at the station at New Rochelle the plaintiff dropped the ticket in the box. Thereupon the boxman employed by the defendant ran after the plaintiff while he was proceeding through the station, grabbed him by the shoulder and said, " You crook, you dropped a white ticket in the box." The plaintiff insisted that he had placed a yellow ticket in the box. An argument ensued in the course of which the boxman informed the plaintiff that unless he paid an additional eighteen cents he would be arrested forthwith. In order to avoid arrest, the plaintiff testified, he paid the additional eighteen cents.

We agree with the court below that the plaintiff's testimony, when read in its entirety, fails to establish that there was any such detention as would constitute arrest but rather that the plaintiff paid the additional fare demanded by the defendant's employee in order to avoid the indignity of an arrest. We do not agree, however, that the facts to which the plaintiff testified failed to

establish a cause of action for slander even in the absence of any proof of special damages if the language attributed to the boxman be considered in connection with the circumstances under which it was expressed. It is true that this court, notwithstanding a vigorous dissent, has held the word " crook " not to be slanderous *per se* (*Villemin* v. *Brown*, 193 App. Div. 777). There, however, the word was used as a general expression of opprobrium and without reference to any unlawful conduct with which the plaintiff was charged. Even so, the Appellate Division of the Second Department declined to follow our decision (*Weiner* v. *Leviton*, 230 App. Div. 312). Compare also the decision by the Circuit Court of Appeals for the Ninth Circuit (*Pandolfo* v. *Bank of Benson*, 273 Fed. 48) which, however, was an action for libel. We do not need, however, to reconsider whether it is slanderous *per se* to accuse another of being a " crook " in the absence of circumstances indicating the nature of the crookedness of which he is accused, because in the present case we are concerned with a situation where from the context and surrounding circumstances there could be no doubt in the mind of any one as to what was intended by the accusation. The plaintiff was charged publicly, if his testimony is true, with an attempt to defraud the defendant railroad by placing a ticket representing an inadequate fare into the collecting box, and he was charged with doing so intentionally. The word " crook " which under varying circumstances may have different shades of meaning, here derived color and significance from the nature of the act to which it was applied.

The judgment should be reversed and a new trial ordered on the second cause of action contained in the complaint, with costs to the appellant to abide the event.

MARTIN, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered on the second cause of action contained in the complaint, with costs to the appellant to abide the event.