THELMA PEARLSTEIN, Plaintiff, *v.* JACOB DRAIZIN et al., Defendants.

Supreme Court, Special Term, New York County, June 4, 1947.

*Harry Sokel* for plaintiff.

*Harry Fractenberg* for defendants.

BENVENGA, J. This is a motion to strike two causes of action from a complaint on the ground that they fail to state facts sufficient to constitute a cause of action.

The plaintiff is a female. The action is for slander. The first cause of action charges defendants with having said of the plaintiff, " What can you expect of a reformatory bum? "; the second, with having said, " She is a bum; she is a tramp."

The well-settled rule in actions for slander is that the words complained of are to be taken and understood in that sense which is most natural and obvious and according to the ideas they are intended to convey to those to whom they were addressed; and that, if the language in common usage is susceptible of two meanings, it is for the jury to say in what sense it was used and understood (*Rovira* v. *Boget,* 240 N. Y. 314, 316). Moreover, where the language is capable of being construed in an innocent and harmless, as well as an injurious, sense, an innuendo to point out the meaning which the plaintiff claims to be the true meaning and the one upon which she relies to sustain her action, is necessary to a sufficient statement of the cause of action (*Hemmens* v. *Nelson,* 138 N. Y. 517, 530–531; *Outcault* v. *New York Herald Co.,* 117 App. Div. 534, 538).

Applying these principles to the instant case, it would seem that, while language imputing unchastity to a woman is actionable per se, without further averment, and without proof of special damages, nevertheless charging her with being a bum or a tramp is not actionable per se, unless an innuendo is pleaded to explain the meaning of the language used and to show that it was used in a defamatory sense. (See *DeSanto* v. *DeNicola,* 99 Conn. 717; *Moore* v. *Levy,* 191 N. Y. S. 165; *Raskowitz* v. *Feingold,* N. Y. L. J., Jan. 13, 1933, p. 257, col. 4; see, also, *Rovira* v. *Boget, supra.*)

The motion is granted, with leave to serve an amended complaint within twenty days after service of a copy of this order, with notice of entry.