MICHAEL P. LENDINO, Plaintiff, *v.* VITO FIORENZA, Defendant.

Supreme Court, Special Term, Queens County, April 18, 1952.

*Bernard Katzen* for defendant.

*Julius J. Cardile* for plaintiff.

HOOLEY, J. Motion to vacate notice of examination of defendant before trial.

There is no attack on the items of the examination. The motion is predicated on the proposition that the action is one for slander; that the alleged slanderous words used were not

slanderous per se; that no special damages are pleaded and that, therefore, the complaint being defective, the plaintiff is not entitled to an examination before trial.

The plaintiff is a lawyer. The slanderous words used were that he was a crook.

While it appears that in the first department it has been held that the word " crook " is not slanderous per se (*Villemin* v. *Brown,* 193 App. Div. 777; *Hofstadter* v. *Bienstock,* 213 App. Div. 807), the rule in this department is otherwise. (*Weiner* v. *Leviton,* 230 App. Div. 312.) In that case, Judge SCUDDER in writing for the court said in part (p. 314): " The word 'crook' seems to be a colloquialism in this country. Slang has given it, at least to most minds, a well-understood meaning, viz., that a ' crook is one who violates the criminal laws.' * * * It is in my opinion synonymous with ' a criminal.' "

The court is of the opinion that a reference to a lawyer as a " crook " even though not referring to him in his capacity as a lawyer or professional man, is slanderous per se, and that, therefore, no special damages were required to be pleaded here.

It follows that the motion is denied. Settle order on notice.