Gr. Bobebt Wither, J.
Plaintiff moves to dismiss defendant’s counterclaim founded in slander on the ground that it does not state facts sufficient to constitute a cause of action. The substance of the counterclaim is contained in paragraph second, which reads as follows: ‘ ‘ That on or about the 21st day of May, 1958, in the Small Claims Court Boom of City Court, City of Bochester, (Civil Branch) on Exchange Street, in the City of Bochester, County of Monroe, and State of New York, without just cause or provocation, and maliciously, the plaintiff in a loud tone of voice said to the defendant: ‘ You’re a liar and a crook ’; and again repeated ‘ You’re a no-good crook ’.”
It is also alleged that the statements were made in the presence of defendant’s attorney and “ several other persons ”, and that they constitute slander per se.
Plaintiff contends that the alleged statements are not slanderous per se, and that in the absence of allegations of special damage, the cause of action is insufficient.
There is no contention that the terms “ liar ” and “ no-good ” constitute slander per se, and so the sole question is whether the term “crook” constitutes slander per se. Counsel point out that there is a divergence of opinion on this question in the First and Second Departments of this State, the First Department holding that the word “crook” does not constitute slander per se (Villemin v. Brown, 193 App. Div. 777; Hofstadter v. Bienstock, 213 App. Div. 807) and the Second Department holding that it does (Weiner v. Leviton, 230 App. Div. 312).
It is unfortunate that a different rule prevails in said two departments. As a guide in determining which rule to follow, we may consider some general principles.
The law does not operate in a vacuum but is designed to regulate conduct of persons in their day-to-day relations with one another. Thus the settings in which the acts occur are important. Assuming that plaintiff made the statements alleged by the defendant, above quoted, it is fair to assume that the word “ crook ” was designed to supplement the word “ liar ” and was used to add emphasis thereto. The pleadings contain no allegation that the alleged statements were used concerning defendant’s profession or business and tend to injure him with respect thereto, or that the manner of the making of the statements would cause the hearers to believe that they were so made, and that plaintiff intended to charge defendant with the *385 commission, of a crime. (Cf. Harris v. New York, Westchester & Boston Ry. Co., 244 App. Div. 252.)
In Gurtler v. Union Parts Mfg. Co. (285 App. Div. 643, affd. 1 N Y 2d 5) and in Shakun v. Sadinoff (272 App. Div. 721) the Appellate Division, First Department, quoted with approval from Gratley on Libel and Slander (3d ed., p. 61) as follows: “ 1 Words which directly tend to injure or prejudice the reputation of the plaintiff in the way of any office held by him, or in the way of any lawful profession or trade carried on by him, are actionable without proof of special damage. In such cases, the plaintiff must allege in his statement of claim, and prove at the trial, that he held the office, or carried on the profession or trade, at the time when the words complained of were published. He must also allege and prove that the words were spoken in reference to his character or conduct in such office, profession or trade. There must be some reference, direct or indirect, in the words or in the circumstances attending their utterance, which connects the slander with such office or profession or trade. If the words merely impute to the plaintiff some misconduct unconnected with his office, profession, or trade, they are not actionable without proof of special damage: it is not sufficient that they are calculated to injure him therein. ’ ”
The forgoing rule seems reasonable, and, in effect, it was followed by Cuff, J., in the Second Department in Mishkin v. Roreck (202 Misc. 653) wherein he wrote a very able opinion. There the court pointed out that the word “ crook ” was uttered in anger, as it was here, and nothing more could be inferred therefrom, and that it was not slanderous per se.
Of course the courts do not look with favor upon the use of such language. The alleged statements are indeed offensive and insulting; but they are not slanderous per se, and for lack of allegations to establish a criminal innuendo or special damages, they are insufficient to constitute a cause of action.
The motion to dismiss is therefore granted.
Submit order accordingly.