INA HEWITT, Plaintiff, *v.* CATHERINE WASEK, Defendant.

Supreme Court, Chemung County, August 31, 1962.

*Hoover & Peterson* (*J. R. Hoover* of counsel), for plaintiff. *Rhodes & Levinger* (*Winfred E. Rhodes* of counsel), for defendant.

Robert O. Brink, J. This is a motion to dismiss the complaint in the above-entitled action on the grounds that it does not state facts sufficient to constitute a cause of action. The defendant has also moved to strike from the complaint certain allegations claimed to be irrelevant, frivolous, redundant, unnecessary and scandalous.

Plaintiff's complaint sets forth a cause of action for slander based on the following words alleged to have been uttered by the defendant " that the plaintiff, Ina Hewitt, was keeping company with and having an affair with a married man ". The complaint further alleges that these words were false and defamatory and imputed to the plaintiff unchastity and infidelity to her husband; that they were published maliciously and for the purpose of injuring the plaintiff's good name and reputation.

No innuendo or special damages are alleged in the complaint. The question before this court is whether the alleged remarks of the defendant are slanderous per se within the meaning and purport of rule 97 of the Rules of Civil Practice.

It probably cannot be seriously contended that the words " keeping company with a married man " standing by themselves would be sufficient to impute the unchastity of the plaintiff. While these words in their ordinary context indicate a continued association between persons of the opposite sex for the purpose of courtship, they do not necessarily imply sexual intimacy. Does the addition of the words " and having an affair with a married man " when referring to a married woman necessarily impute unchastity?

The word affair is a broad term with many meanings. It may be assumed here that in the context in which it is alleged to have been used its implication may be narrowed to mean a love affair. Does the statement that a married woman is having a love affair with a married man necessarily impute unchastity? Probably in this age of sex glorification, a listener to such a statement might jump to such a conclusion. However, in the legal question before this court, something more is involved. Not only from the trend of the decisions of the courts of this State, but also by sound legal reasoning, before a court can classify a statement as slanderous per se, the meaning of the words must be unequivocally clear and definite so that there can be no possible question as to their import. When a statement is held to be libelous or slanderous per se, it becomes defamatory as a matter of law with no question of fact involved as to the meaning and intent.

The courts of this State have repeatedly refused to label expressions as slanderous per se, which conveyed strong implications of unchastity. (For example: " she was in the habit of

entertaining gentlemen callers at all hours of the night ", *Hemmens* v. *Nelson*, 138 N. Y. 517, 530; " she is a bum, she is a tramp ", *Pearlstein* v. *Draizin*, 190 Misc. 27, 28; also, *Notarmuzzi* v. *Shevack*, 108 N. Y. S. 2d 172; " you'd do anything for five dollars ", *Bolton* v. *Strawbridge*, 156 N. Y. S. 2d 722; that a female patient made advances to a doctor, threatened to leave him if he did not consent to be her lover, that her trouble was mental due to an oversexed condition, *Hyatt* v. *Salisbury*, 207 Misc. 785).

The word affair in the sense that it is used here can and often does indicate an illicit sexual relationship. It also can mean a romantic or passionate attachment of limited duration; Webster-Merriam Unabridged Dictionary " Third Edition ". This latter meaning does not necessarily connote sexual intimacy. Can the affair not be both romantic and Platonic? Even if sexual relationship might be considered inevitable, could not the attachment exist in its early stages for a period of time before reaching a climax? Would it not be possible for married people to have a romantic association, in the absence of sexual drive, as a result of old age or impotency?

These possibilities point to the conclusion that an affair between married people during any particular period or at any given time does not necessarily involve sexual intimacy. The alleged statements are not slanderous per se, and in the absence of sufficient allegations, the complaint should be dismissed with leave to serve an amended complaint within 20 days following service of a copy of the order.

The allegations set forth in paragraph 3 are irrelevant but the motion to strike becomes academic in view of the dismissal of the complaint. Ten dollars costs of the motion are awarded to the defendant.