■ DAVID M. JORDAN, Respondent, v. DORA LEWIS et al., Appellants.— Order, entered on April 3, 1963, modified to the extent of dismissing the third and fourth causes of action against Lewis and to dismiss the second cause of action against Spitz, and, as so modified, affirmed, with $20 costs and disbursements to appellants. In this slander action plaintiff alleges he is a resident of Bronx County, a licensed dentist, and, by implication, married. He alleges in four separate causes of action that defendant Lewis made the following statements about him: (First) "He can't be loyal to two women" and "He has an affair with Ada, his office assistant"; (second) "He is going to have a lot of trouble with the Tax people" and "he cheats them";

(third) "He's a Hitler" and "He's a type like Hitler and Eichman" and "He comes from Eichman"; (fourth) "Your father is a criminal". He further alleges that defendant Spitz made the following statements about him: (First) "He slept with his secretary" and "He sleeps with his secretary"; (second) "He's an Eichman" and "He comes from Eichman". Since there are no special damages pleaded the complaint can only be held sufficient if the afore-mentioned statements are slanderous per se. Therefore, in these circumstances they must either charge the plaintiff with the commission of a punishable crime or injure him in his profession. (*Gurtler* v. *Union Parts Mfg. Co.*, 285 App. Div. 643, affd. 1 N Y 2d 5.) None of the statements reflect upon the plaintiff's professional ability or injure him in his dental practice. Nor do the third or fourth causes of action against Lewis or the second cause of action against Spitz charge the commission of a crime. While "Hitler" and "Eichman" are words of disapprobation, their use does not specify violation of any penal statutes. And the characterization of the plaintiff as a "criminal" has been held not to be slander per se. (*Riley* v. *Baddour*, 73 N. Y. S. 2d 140; *Villemin* v. *Brown*, 193 App. Div. 777; Seelman, Law of Libel and Slander, par. 27, p. 632.) However, the first cause of action charging Lewis with having said of plaintiff "He can't be loyal to two women" and "He has an affair with Ada, his office assistant", and the first cause of action against Spitz based upon Spitz' statements concerning plaintiff "He slept with his secretary" and "He sleeps with his secretary" are sufficient. The language used is not susceptible of innocent meaning and, as ordinarily used and construed, clearly charges plaintiff with the crime of adultery. This is slander actionable per se. (*Kavanagh* v. *Thomas*, 218 App. Div. 780; *Terwilliger* v. *Wands*, 17 N. Y. 54.) The second cause of action against Lewis is based on the charge that Lewis accuses plaintiff of the crime of income tax violations in that "he cheated" the tax people. Such an accusation is slander actionable per se. In the causes above referred to there is a clear imputation of guilt of plaintiff of the crimes charged. Concur — Botein, P. J., Rabin, McNally and Stevens, JJ.; Eager, J., dissents in the following memorandum: I dissent insofar as the court sustains the first and second causes of action pleaded as against the defendant Lewis. Courts have always noted the "schism in the law of defamation" between libelous and slanderous words. "Many things that are defamatory may be said with impunity through the medium of speech * * * [since] The spoken word dissolves, but the written word abides 'and perpetuates the scandal'". (*Ostrowe* v. *Lee*, 256 N. Y. 36, 39 [CARDOZO, J.]; see, also, *Hyatt* v. *Salisbury*, 207 Misc. 785 and cases cited; 53 C. J. S., Libel and Slander, § 8, subd. b; *Gurtler* v. *Union Parts Mfg. Co.*, 1 N Y 2d 5.) Before the oral words alleged in the complaint can be held to be slanderous per se, they must be found to be such as to specifically impute the commission of a crime or be shown to have a natural tendency to injure the victim in his business, trade or profession; otherwise, they would not be actionable per se even though they may expose one to public hatred, contempt and ridicule. Seelman, Law of Slander in New York (p. 632), has so recognized this to be the state of the law, noting that "harmful, defamatory words, when spoken, have never been, and are not actionable, unless they import a crime, indictable, and involving moral turpitude or infamous punishment; or are applied to one in his trade, profession or office." (See, generally, Seelman, *supra*, ch. 1.) The first cause of action against Dora Lewis charges her with having said, concerning the plaintiff, a married man, that "He can't be loyal to two women" and "He has an affair with Ada, his office assistant". This, in my opinion, is not equivalent to charging the plaintiff with having committed the specific crime of adultery.

Saying that a man is having an "affair" with a woman does not necessarily mean that he is having intercourse with her, particularly where it does not appear that the woman is of loose moral character or a prostitute. In *Hewitt* v. *Wasek* (35 Misc 2d 946) the court held that an oral statement that a woman is "'having an affair with a married man'" is not slanderous per se, noting that the "word affair is a broad term with many meanings" (p. 947); it "does not necessarily connote sexual intimacy * * * Even if sexual relations might be considered inevitable, could not the attachment exist in its early stages for a period of time before reaching a climax?" (p. 948). Of course, spoken words which merely impute a criminal intention or design are not actionable per se. (See *Sleight* v. *Woods,* 145 Misc. 824; 53 C. J. S., Slander and Libel, § 57.) "But spoken words which merely impute a criminal intention or design are not actionable, if no criminal act be directly or indirectly alleged. So, too, words of mere suspicion, not amounting to an assertion of guilt, are not actionable; and no innuendo can make them so." (Odgers, Libel and Slander [6th ed.], pp. 117–118.) There are in fact many decisions involving words which conveyed strong implications of the existence of improper sexual relations but they were held not actionable per se as charging adultery or the unchastity of a woman. (See *Hemmens* v. *Nelson,* 138 N. Y. 517, 530; *Hyatt* v. *Salisbury, supra*; *Pearlstein* v. *Draizih,* 190 Misc. 27, 28; *Notarmuzzi* v. *Shevack,* 108 N. Y. S. 2d 172; *Bolton* v. *Strawbridge,* 156 N. Y. S. 2d 722, all referred to in *Hewitt* v. *Wasek, supra.*) In *People* v. *Superintendent of N. Y. State Reformatory for Women* (21 N. Y. S. 2d 563, 564) NOLAN, J., held that an allegation that a married woman had "improper relations" with a man in a car on a specific date did not sufficiently support a criminal charge of adultery. Furthermore, assuming *arguendo* that the statement that a man was having an "affair" with a woman was equivalent to charging him with having intercourse with her, it does not appear from the utterance here that the acts of intercourse were committed in a jurisdiction where they would be criminal. (See *Storch* v. *Gordon,* 23 Misc 2d 477, 481.) The second cause of action against Dora Lewis charges her with having said that the defendant "is going to have a lot of trouble with the Tax people", and that "he cheated them". These oral statements, in my opinon, are not on their face sufficiently definitive of an income tax violation of a nature amounting to an indictable crime or a crime involving moral turpitude so as to be slanderous per se. (See Seelman, *supra,* ch. IV.) "If merely fraud, dishonesty, immorality or vice be imputed, no action lies without proof of special damage." (Newell, Slander and Libel [4th ed.], § 36, pp. 83–84.) To say that a person "cheats" or is "dishonest", that he is a "cheat" or "swindler", or that he "cheated" a particular person out of a specified sum of money, is not slander per se. (See *Fowles* v. *Bowen,* 30 N. Y. 20; *Lennox* v. *Schramm,* 282 App. Div. 667; *Cassavoy* v. *Pattison,* 93 App. Div. 370; *Bruno* v. *Schukart,* 12 Misc 2d 383; *Dopsovic* v. *Stork Rest.,* 26 Misc 2d 868; *Kuhne* v. *Ahlers,* 45 Misc. 454; *MacIntyre* v. *Fruchter,* 148 N. Y. S. 786.) In light of the foregoing, the sustaining by the majority of said first and second causes of action has the effect, in my opinion, of improperly broadening the law of defamation to include in the category of slander per se certain very ambiguous utterances which do not amount to charges of criminal offenses. I would dismiss said two causes.