Benjamin Brenner, J.
Defendant moves pursuant to CPLR. 3211 to dismiss the complaint on the ground that the words “ He’s a cheat and a fraud ” fail to plead a cause of action in slander.
The alleged words were spoken of the plaintiff before a meeting of the board of governors of the Lincoln Club at a time when plaintiff was its president. Plaintiff’s opposing affidavit also amplifies the allegations of the complaint to the effect that the words were spoken in relation to his action as president of the club and this appears to be the fair intendment of the allegations.
Defendant urges that these words are not slanderous per se and that plaintiff is required to allege and prove that the defamatory words injured him in his business or profession; that in any case, the words are not defamatory in that they are expressions of a general nature and were not directed specifically to plaintiff’s business or profession.
The word ‘1 crook ’ ’ is differently considered in the First and Second Departments. In Villemin v. Brown (193 App. Div. 777) and Hofstadter v. Bienstock (213 App. Div. 807) (1st Dept, cases) it is held not to be slanderous per se. In Weiner v. Leviton (230 App. Div. 312) it is held to be slanderous per se. The word “crook” may not be precisely synonymous with “cheat” or “fraud” ¡but, in their ordinary and well-understood meaning (Mencher v. Chesley, 297 N. Y. 94, 100; Nowark v. Maguire, 22 A D 2d 901 [2d Dept.]), they are not much different. In Nowark (supra), the court stated: “ Words charged to be defamatory are to be taken in their natural meaning, and the courts will not strain to interpret them in their mildest and most inoffensive sense in order to hold them nonlibelous and nonslanderous.”
*806 The very word “ cheat,” which is here involved, was held to be synonymous with the word ‘ ‘ gouge ’ ’ and was held to be libelous per se in Shubert v. Variety, Inc. (128 Misc. 428, 429, affd. 221 App. Div. 856) as follows: “ Among the definitions of ‘ gouge ’ contained in the Century Dictionary and Cyclopedia are the following: ‘ to cheat in a bold or brutal manner; overreach in a bargain.’ Funk & Wagnall’s Standard Dictionary (1916) contains, among others, the following definitions of the word: ‘ to get the better of in a bargain; cheat; overreach. ’ Webster’s New International Dictionary (1910) in part defines the word as follows: ‘ to cheat; to defraud. ’ The Century Dictionary and Cyclopedia defines the word ‘ cheat ’ as follows: ‘ to deceive and defraud; impose upon; trick; to mislead; deceive.’ ”
As is well known, liability for words slanderous per se is not restricted to injury to a person in his business or profession and extends as well to an injury to one holding an office of confidence or trust (Musacchio v. Maida, 137 N. Y. S. 2d 131; Lennox v. Schramm, 282 App. Div. 667; Shakun v. Sadinoff, 272 App. Div. 721).
The test of actionable defamation of one holding a trust was stated in Shalmn (p. 722): “ There must be some reference, direct or indirect, in the words or in the circumstances attending their utterance, which connects the slander with such office or profession or trade.”
I believe that the words alleged in the complaint meet the required test because the reference, direct or indirect, in the circumstances attending the utterance reasonably relates to plaintiff’s office as president of the club. Those words necessarily reflect on his character or conduct in that office and cannot but impair confidence in his ability to hold the office (Sanderson v. Caldwell, 45 N. Y. 398). They are slanderous per se and no proof of actual damages suffered need be alleged in the complaint.
As thus pleaded, the complaint is entitled to every fair intendment and favorable inference (Schwartz v. Heffernan, 304 N. Y. 474; Sorin v. Shahmoon, 2 A D 2d 678). Defendant’s motion ,is denied. He may serve his answer within 10 days following service of a copy of the order to be entered hereon.