■ FRED A. MEYER et al., Appellants, v STEVEN G. SOMLO, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered November 16, 1983 in Columbia County, which granted defendant's motion to dismiss the complaint.

In this defamation action, plaintiff[*] concedes that he has not alleged any special damages and claims that the remarks he attributes to defendant constitute slander per se, which is actionable without alleging special damages (see, e.g., *Privitera v Town of Phelps,* 79 AD2d 1, 3, app dsmd 53 NY2d 796). In the first cause of action, plaintiff alleges that defendant stated, "That son-of-a-bitch was responsible for the breakup of my marriage. He is trying to steal my children and he is having an affair with my wife. I don't want him raising my children." The second cause of action alleges that on another occasion, defendant repeated the first two sentences alleged in the first cause of action. The third cause of action alleges that defendant said, "Britt and I have split up. The break up [*sic*] of our marriage was due to Fred's interference. Fred encouraged Britt to leave the marriage. He has alienated her affections. The break up [*sic*] would not have happened without Fred's interference." The fourth and final cause of action alleges that defendant stated, "My wife and I are splitting up because of Fred. He is having an affair with my wife which has been going on for a long time. He is wrecking my family. Fred is no good. I am sorry I have to tell you this, but I want you to know what kind of guy Fred really is." Special Term, relying on *Hewitt v Wasek* (35 Misc 2d 946), concluded that defendant's mere statements that plaintiff was

---

* It appears that the action on behalf of Christine Meyer has been discontinued and, therefore, our references to plaintiff are to Fred A. Meyer only.

having "an affair" did not constitute slander per se and, accordingly, granted defendant's motion to dismiss the complaint for failing to state a cause of action. Plaintiff appeals from the order dismissing his complaint.

"[W]ords constitute slander per se if they impute: (1) the commission of a crime, (2) a loathsome disease, (3) unchaste behavior in a woman, or (4) homosexual behavior, or if they (5) affect plaintiff in his trade, occupation or profession" (*Privitera v Town of Phelps, supra,* p 3). Although the *Hewitt* case, relied on by Special Term and now cited by defendant, did hold that "an affair" did not necessarily involve sexual intimacy and, thus, did not constitute slander per se, the more recent decision in *Jordan v Lewis* (20 AD2d 773) was to the contrary, holding that the words "an affair" impute the crime of adultery and are, therefore, actionable as slander per se. Because *Hewitt* was decided by Supreme Court and *Jordan* by the Appellate Division, Special Term erred in relying on *Hewitt* (see, e.g., 1 Carmody-Wait 2d, NY Prac, § 2:58, pp 68-71). Indeed, in today's society, the use of the word "affair" to indicate a sexual relationship is commonplace and it should be left to a jury to determine whether defendant's alleged use of the word "affair" was, in fact, defamatory. Defendant's contention that language inferring the commission of adultery does not impute criminal conduct because the New York adultery law is unenforced is unpersuasive. There is nothing to indicate that section 255.17 of the Penal Law is not a crime for which an indictment may be issued and punishment may be imposed (see *Privitera v Town of Phelps, supra*). Accordingly, we follow *Jordan v Lewis* (*supra*) and conclude that the first, second and fourth causes of action, which allege that defendant stated that plaintiff was having an affair with defendant's wife, are actionable as alleging slander per se.

The third cause of action, however, does not allege that defendant made any statement about an "affair" involving plaintiff. Indeed, the remarks alleged in the third cause of action do not indicate any sexual activity on plaintiff's part. These alleged remarks do not constitute slander per se and, therefore, Special Term correctly dismissed the third cause of action. This disposition renders it unnecessary to address the other argument advanced by the parties.

Order modified, on the law, with costs to plaintiff Fred A. Meyer, by reversing so much thereof as granted defendant's motion dismissing the first, second and fourth causes of action of plaintiff's complaint, said causes of action are reinstated, and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.