■ 7 West Foods, Inc., Appellant, v Forty-Seventh Fifth Company, Respondent. — Order of the Supreme Court, New York County (S. Schwartz, J.), entered September 19, 1984, which denied plaintiff's motion for a preliminary injunction and granted defendant's cross motion for an order dismissing the complaint, is unanimously reversed, on the law and facts, the plaintiff's motion granted and defendant's cross motion denied, with costs and disbursements payable by defendant. The parties shall settle an order herein with provision for an appropriate undertaking.

Plaintiff is a commercial tenant of a store located on the north side of West 47th Street, near Fifth Avenue, in the Diamond Building, located in the diamond district. The premises have been rented from defendant Forty-Seventh Fifth Company (landlord) under lease dated December 14, 1970. Since the lease inception, the store has been operated by plaintiff as a retail delicatessen. Further, since the lease inception, consonant with this retail operation there have been affixed two signs, allegedly illuminated and multicolored, advertising the store as "Deli-City", without any objection from landlord.

In 1983, purportedly to reflect a change in the trade name of the deli, plaintiff removed the "old" signs and erected two "new signs", which were allegedly substantially similar in size and character (multicolored, illuminated) to the old signs, except that the name was changed to read "Pastrami Factory". This replacement was concededly done without the landlord's consent.

The landlord thereupon sent plaintiff tenant a "notice to cure" under the terms of the lease, stating, in effect, that the erection of new signs constituted an "alteration" within the meaning of paragraph 47 of the lease, and that plaintiff was in violation of that section in failing to obtain landlord's prior written consent for such "alteration".

The plaintiff tenant responded by commencing this action seeking declaratory relief, i.e., that erection of the new signs was not such a substantial default under the lease as to warrant forfeiture; that plaintiff had no obligation to "cure" and, further, seeking an injunction against termination of the tenancy.

Simultaneously, plaintiff sought, by order to show cause, a *Yellowstone* preliminary injunction to enjoin termination of the tenancy, pending determination of the action. Defendant cross-moved for summary judgment dismissing the complaint.

Although noting that issue had not been joined, making defendant's motion for summary judgment premature, the court treated the motion as one made pursuant to CPLR 3211 (a) (1),

based upon the documentary evidence of the lease and its provisions. It granted defendant's cross motion to dismiss the complaint. We find that this was error.

The defendant's cross motion was combined with its opposition to the plaintiff's *Yellowstone* application. In response, plaintiff devoted only one paragraph in acknowledging that summary judgment was not available since issue had not been joined. Special Term, by "converting" the motion without further notice to plaintiff, prejudiced the right of plaintiff to respond more fully. Pursuant to CPLR 2001, on which Special Term relied, technical defects may be corrected or disregarded by the court, but only "if a substantial right of a party is not prejudiced".

In any event, plaintiff's action in erecting new signs, which from the evidence submitted appear to be substantially similar in nature and quality to the old ones, could not be deemed, as a matter of law, to be an "alteration" of the premises which would constitute a breach of the applicable provisions of the lease. Insubstantial breaches, consonant with the plaintiff's delicatessen business, would not warrant termination of the lease (*see, Williams v Ron-Jay Enters.*, 65 AD2d 213, 218). Since the nature of the "alterations" and whether the installation of the new signs constituted a substantial violation of the lease raised factual issues, Special Term erroneously granted the motion to dismiss.

Similarly, Special Term should have granted injunctive relief pursuant to *First Natl. Stores v Yellowstone Shopping Center* (21 NY2d 630). "It has been repeatedly held that *Yellowstone* * * * is intended only to preserve the *status quo* until the parties' rights can be fully adjudicated while the tenancy remains in effect without consideration of the merits of the parties' contentions [citations omitted]" (*Wilen v Harridge House Assoc.*, 94 AD2d 123, 127). Settle order. Concur — Sullivan, J. P., Carro, Asch and Fein, JJ.