■ IRENA KRAWTCHUK, Appellant, v BANCO DO BRASIL, S. A., et al., Respondents.—Order, Supreme Court, New York County (David B. Saxe, J.), entered August 1, 1991, which, *inter alia,* granted defendants' motions to dismiss the amended complaint, and denied plaintiff's cross-motion for leave to serve a second amended complaint, unanimously affirmed, with costs.

Plaintiff was terminated from her position at the defendant bank, allegedly for unsatisfactory job performance. Based upon information that plaintiff had threatened to disclose confidential bank records unless her demands were met, the bank's attorneys, also named as defendants, sent plaintiff a letter characterizing her removal of the bank's records as "the crime of theft" and her threat to publish those records as "the crime of extortion". While the language of the letter was harsh, it did not constitute conduct so extreme and outrageous as to give rise to a cause of action for intentional infliction of emotional distress *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303). Nor do any of the other incidents referred to by plaintiff, such as the fact that she was required to close her employee bank account, or that she was not given a favorable letter of reference, rise to the requisite level. Moreover, the bank had an absolute right to terminate plaintiff, who was an at-will employee, and she may not "subvert the traditional at-

will contract rule by casting [her] cause of action in terms of a tort of intentional infliction of emotional distress [citation omitted]" *(supra,* at 303). Concur—Rosenberger, J. P., Ross, Asch and Kassal, JJ.