■ JOSEPH DONATI et al., Appellants, v QUEENS LEDGER NEWSPAPER GROUP et al., Respondents. [659 NYS2d 306] —In an action to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated August 9, 1996, which dismissed their complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiffs' claim of libel is based upon the publication of the following item in the Community Grapevine section of the defendants' local newspaper: "The secret is out. Congratulations to Joseph R. Donati and Stella Wislowski on their engagement after 10 years an *[sic]* an unofficial couple. They met at Manufacturer's Bank in Queens. No wedding plans have been set as yet. His divorce was final after waiting for two years. Way to go Joe! Friends of the happy couple."

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that the complaint failed to state a cause of action for libel per se, as was necessary to state a cause of action in this circumstance where no special damages were pleaded. We disagree.

A plaintiff suing in libel need not plead or prove special damages if the defamatory statement " 'tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society' " (*Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379, *reh denied* 42 NY2d 1015, *cert denied* 434 US 969, quoting *Sydney v MacFadden Newspaper Publ. Corp.,* 242 NY 208, 211-212; *see also, Tracy v Newsday, Inc.,* 5 NY2d 134; *Kane v Orange County Publs.,* 232 AD2d 526).

The published material is susceptible of a defamatory connotation to the effect that the parties had engaged in a 10-year clandestine adulterous relationship (*see, Matherson v Marchello,* 100 AD2d 233). Notwithstanding the loosening of traditional moral standards in the last few decades, the opprobrium of adultery remains with us today, as evidenced by the continued criminalization of adultery (*see,* Penal Law § 255.17; *Matherson v Marchello, supra*).

We further conclude that no basis exists to dismiss the complaint insofar as asserted by the plaintiff Stella Wesolowski on the ground that the publication referred, apparently in error, to Stella Wislowski. Given the similarity of the two names and that the publication referred to the fact that the parties met at Manufacturer's (Hanover) Bank, there is no reason to conclude that the person referred to in the publication as Stella Wislowksi was not readily identifiable as Stella Wesolowski to the readership of the defendant publication. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.