JOEL LEWITTES et al., Appellants, v MARILYN BLUME et al., Respondents. [795 NYS2d 13]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered April 22, 2004, which granted defendant Marilyn Blume's motion to the extent of dismissing the first and third causes of action and dismissed the second cause of action for slander without prejudice to repleading, and granted defendant Beth Blume's motion to dismiss the complaint against her in its entirety, unanimously affirmed, with costs.

Plaintiffs are suing their former daughter-in-law and her mother for slander, intentional infliction of emotional distress and abuse of process, arising out of allegations of sexual abuse made by plaintiffs' granddaughter, which Marilyn Blume allegedly related to others.

The requisite specificity for pleading slander is found only in the allegations with respect to Marilyn's affidavit in support of her order to show cause to suspend her former husband's visitation with the children, and in her testimony on that show cause order relating her daughter's alleged exact words describing inappropriate touching by her father and her grandfather, plaintiff Joel Lewittes. Since those statements were made in the context of a judicial proceeding, they are protected by absolute privilege and cannot serve as the basis for liability for slander (see Toker v Pollak, 44 NY2d 211, 218-219 [1978]; Pecue v West, 233 NY 316, 321 [1922]). With regard to any statements made by Marilyn outside the context of that judicial proceeding—i.e., to the children's pediatrician, to the Child and Family Support Program at Mount Sinai or to the Administration for Children's Services—the complaint is defective in failing to set forth the exact slanderous words allegedly spoken to these parties.

The motion court properly dismissed the causes of action for intentional infliction of emotional distress and abuse of process. Plaintiffs failed to allege conduct on Marilyn's part that would be considered sufficiently extreme or outrageous (see Howell v New York Post Co., 81 NY2d 115 [1993]), and there is no allega-

tion that any process was ever issued against them. Moreover, the restrictions on visitation were arranged between the court and plaintiffs' son, and plaintiffs were under no compulsion to agree to those arrangements. Having agreed, however, they cannot now convert their alleged inconvenience into a tort action.

As to Beth Blume, Marilyn's mother, there is insufficient evidence to support any of the instant claims against her. Concur—Mazzarelli, J.P., Ellerin, Nardelli, Williams and Catterson, JJ.