■ MICHAEL R. CAVALLARO, Respondent, v DAVID POZZI, Appellant. [814 NYS2d 462]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered April 22, 2005. The order denied defendant's motion to dismiss the complaint and for sanctions.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the first cause of action and as modified the order is affirmed without costs.

Memorandum: During a custody and support proceeding, defendant sought to terminate overnight visitation between his ex-wife and their children based in part on alleged marital "discord" between his ex-wife and plaintiff, her then husband. In that proceeding, defendant submitted an affidavit (hereinafter, Affidavit) alleging, inter alia, that plaintiff had been "engaging in extra-marital affairs and that he regularly views pornography in the home." Plaintiff commenced this action asserting causes of action for defamation and intentional infliction of emotional distress. After issue was joined, defendant moved for dismissal of the complaint "pursuant to CPLR § 3212" and for sanctions pursuant to CPLR 8303-a. Despite noting that defendant's motion had been brought pursuant to CPLR 3212, Supreme Court sua sponte treated the motion as one to dismiss under CPLR 3211 (a) (7) and denied it.

We agree with defendant that the court erred in "converting" the motion into a CPLR 3211 motion without affording him notice of the nature of the motion and without affording him the opportunity to contest the conversion of that motion (*see 7 W. Foods v Forty-Seventh Fifth Co.*, 109 AD2d 658 [1985]; *cf. Lanzisera v Miller*, 289 AD2d 1015, 1016 [2001]; *Village of Webster v Monroe County Water Auth.*, 269 AD2d 781, 782 [2000]).

We further agree with defendant that the court erred in denying that part of his motion seeking summary judgment dismissing the first cause of action, for defamation, and we therefore modify the order accordingly. Defendant met his initial burden by establishing that the statements contained in the Affidavit were "absolutely privileged" (*Martirano v Frost*, 25 NY2d 505, 507 [1969]), and plaintiff failed to raise a triable issue of fact on the issue whether the statements were actually pertinent to the custody and support proceeding (*see generally id.* at 507-508). "The standard for determining pertinence is broad" (*Regan v Coldwell Banker Residential Real Estate Servs.*, 176 AD2d 864, 865 [1991], *lv denied* 79 NY2d 756 [1992]), and here it cannot be said that the challenged statements were "so unrelated to, or out of context with, the underlying [proceeding] . . . to indicate that they were motivated solely by a desire to defame" (*id.*; *see Martirano*, 25 NY2d at 508). In other words, the statements were not "so outrageously out of context as to permit one to conclude, from the mere fact that [they were] uttered, that [they were] motivated by no other desire than to defame" (*Martirano*, 25 NY2d at 508; *see generally Lewittes v Blume*, 18 AD3d 261 [2005]).

To the extent that the complaint, as amplified by the bill of particulars, alleges that defendant repeated the statements contained in the Affidavit to his children and current wife, those statements are not absolutely privileged (*see generally Park Knoll Assoc. v Schmidt*, 59 NY2d 205, 209-210 [1983]). We conclude, however, that defendant established that those statements do not as a matter of law support the defamation cause of action. Where, as here, a plaintiff has not sustained special damages, i.e., " 'the loss of something having economic or pecuniary value' " (*Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]), liability cannot be imposed with respect to a defamation cause of action based on slanderous statements unless the underlying slanderous statements fall within one of the "four established exceptions" to the rule requiring special damages for such a cause of action (*id.* at 435). Only the first of those exceptions, for statements "charging plaintiff with a serious crime," has any relevance to this case (*id.*). We conclude, however, that it does not apply because the alleged crime of adultery is not a serious crime within the meaning of *Liberman*. Adultery is a class B misdemeanor (Penal Law § 255.17), which is the lowest grade of criminal offense. Thus, if adultery were deemed a serious crime, then all crimes necessarily would constitute serious crimes and the use of the adjective "serious" in *Liberman* would be rendered superfluous. Plaintiff's reliance on cases decided before *Liberman* is misplaced. In those cases, the

statement that a person was having an "affair" was held to constitute slander per se (see e.g. *Meyer v Somlo*, 105 AD2d 1007 [1984]; *Jordan v Lewis*, 20 AD2d 773 [1964]), because, until *Liberman* was decided, slander per se was committed if the statement charged the plaintiff with "the commission of a punishable crime" (*Jordan*, 20 AD2d at 774) or merely " 'the commission of a crime' " (*Meyer*, 105 AD2d at 1008, quoting *Privitera v Town of Phelps*, 79 AD2d 1, 3 [1981], *appeal dismissed* 53 NY2d 796 [1981]). *Liberman* now requires that the statements charge the plaintiff with the commission of a serious crime.

We likewise note that plaintiff's reliance on *Donati v Queens Ledger Newspaper Group* (240 AD2d 696 [1997]) is misplaced because it concerns libel per se and therefore is inapplicable to that part of the complaint alleging slander per se.

We reject the further contention of defendant that the court erred in denying that part of his motion seeking summary judgment dismissing the second cause of action, for intentional infliction of emotional distress. Although defendant met his initial burden, we conclude that plaintiff raised an issue of fact whether defendant's conduct was so " 'extreme and outrageous' as to 'go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Wende C. v United Methodist Church, N.Y. W. Area*, 6 AD3d 1047, 1049 [2004], *affd* 4 NY3d 293 [2005], *cert denied* — US —, 126 S Ct 346 [2005], quoting *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]). The determination whether the requisite outrageousness has been established is, in the first instance, an issue of law for the courts (see *164 Mulberry St. Corp. v Columbia Univ.*, 4 AD3d 49, 56 [2004], *lv dismissed* 2 NY3d 793 [2004]), and it is well settled that a cause of action for intentional infliction of emotional distress is viable where "severe mental pain or anguish is inflicted through a deliberate and malicious campaign of harassment or intimidation" (*Nader v General Motors Corp.*, 25 NY2d 560, 569 [1970]; see *Cohn-Frankel v United Synagogue of Conservative Judaism*, 246 AD2d 332 [1998]). Here, plaintiff stated in his affidavit in opposition to defendant's motion that defendant engaged in a constant campaign of harassment and intimidation, which included threatening to kill plaintiff and his children, and thus we conclude that plaintiff raised a triable issue of fact whether defendant's conduct rose to the requisite level of outrageousness (see e.g. *Gill Farms v Darrow*, 256 AD2d 995, 997 [1998]; *Bunker v Testa*, 234 AD2d 1004 [1996]; *Stram v Farrell*, 223 AD2d 260, 264-265 [1996]; *cf. Levy v Grandone*, 14 AD3d 660,

662 [2005]; *Seltzer v Bayer*, 272 AD2d 263, 264-265 [2000]). Contrary to defendant's contention, plaintiff was not required to submit medical evidence in order to defeat the motion with respect to the second cause of action inasmuch as plaintiff alleged in his verified bill of particulars that he sought "medical and professional advice and treatment" for his claimed injuries (*see e.g. Garcia v Lawrence Hosp.*, 5 AD3d 227, 228 [2004]; *Murphy v Murphy*, 109 AD2d 965, 966-967 [1985]; cf. *Christenson v Gutman*, 249 AD2d 805, 808-809 [1998]; *Erani v Flax*, 193 AD2d 777 [1993]).

Finally, based on our determination that the court properly refused to dismiss the second cause of action, we conclude that the court properly denied that part of defendant's motion seeking sanctions based on the alleged ground that the second cause of action is frivolous (*see* CPLR 8303-a; *Kopach v Olympia & York*, 215 AD2d 304 [1995]). Present—Hurlbutt, J.P., Gorski, Green, Pine and Hayes, JJ.