Douglas Schottenstein, M.D., Appellant, v Warren Silverman, M.D., Respondent. [10 NYS3d 63]—

Order, Supreme Court, New York County (Debra A. James, J.), entered November 5, 2014, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the cause of action for libel per se, and otherwise affirmed, without costs.

Plaintiff, a physician who treated a workers' compensation claimant, alleges that he was defamed in his profession by a report prepared by defendant, a consultant hired by the workers' compensation insurer to determine whether certain medications and treatment prescribed the claimant were indicated. Plaintiff alleges that defendant exceeded the scope of his assigned task by reporting that the medical records he reviewed indicated possible fraudulent billing and unnecessary treatment rendered, and recommending that the matter be referred to the Office of Professional Misconduct and the Attorney General's Office.

Defendant's communications are not cloaked with absolute immunity since there is no showing that he was engaged in a public function when he published the report (*see* Workers' Compensation Law § 20; *Toker v Pollak*, 44 NY2d 211, 219 [1978]). There were no adversarial proceedings at the time of the report's publication (*see Okoli v Paul Hastings LLP*, 117 AD3d 539 [1st Dept 2014]; *Nineteen Eighty-Nine, LLC v Icahn Enters. L.P.*, 99 AD3d 546 [1st Dept 2012], *lv denied* 20 NY3d 863 [2013]). Nor are defendant's communications subject to qualified immunity since plaintiff's detailed allegations, accepted as true for purposes of this motion, are "sufficient to potentially establish [actual] malice" (*see Weiss v Lowenberg*, 95 AD3d 405, 406 [1st Dept 2012] [internal quotation marks omitted]; *Arts4All, Ltd. v Hancock*, 5 AD3d 106, 109 [1st Dept 2004]).

The complaint fails to state a cause of action for intentional infliction of emotional distress, since defendant's report fails " 'to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*see Howell v New York Post Co.*, 81 NY2d 115, 122 [1993]). Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.