Offor v Mercy Med. Ctr. (2019 NY Slip Op 02663)





Offor v Mercy Med. Ctr.


2019 NY Slip Op 02663


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8946 152365/17

[*1]Dr. Chinwe Offor, Plaintiff-Appellant,
v
Mercy Medical Center, et al., Defendants-Respondents, New York State Department of Health, Defendant.


Ike Agwuegbo & Co. P.C., New York (Ike Agwuegbo of counsel), for appellant.
Nixon Peabody LLP, Jericho (Tony G. Dulgerian of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered June 12, 2018, which, insofar as appealed from as limited by the briefs, granted defendants-respondents' motion to dismiss the complaint as against them, unanimously affirmed, without costs.
The majority of the alleged defamatory statements, including the National Practitioner Data Bank (NPDB) report, were made outside the one-year statute of limitations (see CPLR 215[3]; Smulyan v New York Liquidation Bur., 158 AD3d 456, 457 [1st Dept 2018]). We reject plaintiff's argument, based on a 20-year-old, unreported Tennessee case applying Tennessee law (Swafford v Memphis Individual Practice Assn., 1998 WL 281935, 1998 Tenn App LEXIS 361 [Ct App, June 2, 1998]), that the NPDB website is not subject to the single publication rule (see Firth v State of New York, 98 NY2d 365 [2002]; Rare 1 Corp. v Moshe Zwiebel Diamond Corp., 13 Misc 3d 279, 282 [Sup Ct, NY County 2006]).
The more recent statements are not actionable because plaintiff failed to set forth the "exact words" complained of (see Gardner v Alexander Rent-A-Car, 28 AD2d 667, 667 [1st Dept 1967]) and the "time, place and manner of the purported defamation" (see Buxbaum v Castro, 104 AD3d 895, 895 [2d Dept 2013], appeal dismissed 21 NY3d 1061 [2013]; Murphy v City of New York, 59 AD3d 301 [1st Dept 2009]; Manas v VMS Assoc., LLC, 53 AD3d 451, 454-455 [1st Dept 2008]; CPLR 3016[a]).
The intentional infliction of emotional distress claim is time-barred insofar as it is directed toward conduct that occurred before March 13, 2016 - the vast majority of the conduct alleged (see CPLR 215[3]; Bridgers v Wagner, 80 AD3d 528 [1st Dept 2011], lv denied 17 NY3d 717 [2011]). The only conduct that even arguably occurred after that date does not meet the threshold for outrageousness (see e.g. Schottenstein v Silverman, 128 AD3d 591 [1st Dept 2015]; Lewittes v Blume, 18 AD3d 261, 261 [1st Dept 2005]; Krawtchuk v Banco Do Brasil, 183 AD2d 484 [1st Dept 1992]).
The allegations underlying the negligent infliction of emotional distress claim all involve intentional, not negligent, conduct (see James v Flynn, 132 AD3d 1214, 1216 [3d Dept 2015]; Santana v Leith, 117 AD3d 711, 712 [2d Dept 2014]). In addition, plaintiff failed to allege the requisite "guarantee of genuineness" (see Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6 [2008] [internal quotation marks omitted]; Taggart v Costabile, 131 AD3d 243, 253 [2d Dept 2015]). Nor did she allege that defendants owed her any duty separate from their general obligations as an employer (see Hernandez v Weill Cornell Med. Coll., 2015 NY Slip Op 51022[U], *2 [Sup Ct, Bronx County 2015]; People v Conlin, 2013 NY Slip Op 32895[U], *5, *7 [Sup Ct, NY County 2013]; Day v City of New York, 2015 US Dist LEXIS 161206, *57 [SD NY Nov. 30, 2015]; Alexander v Westbury Union Free Sch. Dist., 829 F Supp 2d 89, 112 [ED NY 2011]).
Absent any underlying substantive causes of action to which they may attach, plaintiff's requests for injunctive relief and punitive damages must be dismissed (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616-617 [1994]; Weinreb v 37 Apts. Corp., 97 AD3d 54, 58-59 [1st Dept 2012]).
Under the circumstances, vacatur of the order is not warranted, notwithstanding that it appears to have been entered after the case was administratively reassigned to a different Justice. The motion was fully briefed before the original judge prior to reassignment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK